JOHN SCHULTZE et al., as Executors, etc., Respondents, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

In proceedings to vacate or reduce an assessment for a local improvement in the city of New York, legal ownership in the petitioner of the assessed property is not essential; the right is conferred upon any person "aggrieved thereby." (Chap. 338, Laws of 1858.)

So, also, the right of restitution, when payment of the unlawful assessment has been enforced, extends not only to the person in whose name the proceedings were taken, but to every one in whose behalf they were instituted.

Certain lots in said city were purchased and paid for by B., plaintiff's testator, but were, " for convenience sake," conveyed to his two sons, one of whom conveyed to the other, who instituted proceedings to reduce or vacate an assessment thereon. Pending the proceedings, B. was required to and did pay the whole amount of the assessment. The proceedings resulted in a reduction of the assessment. B. died, and the son who held the title conveyed the lots to his executors. *Held,* that an action was maintainable by them against the city to recover back the excess paid over the legal assessment. Also, that the decision of the court in the proceedings was conclusive that the money sought to be recovered was obtained by defendant without right, and so, was held by it for the testator's use.

Also *held,* in the absence of proof that the testator consented to an absolute, unconditional conveyance to his son, the provisions of the Revised Statutes (1 R. S. 728, §§ 51, 53), declaring that where a grant for a valuable consideration shall be made to one person, with the consent of another who has paid the consideration, the title shall vest in the payee, had no application to the case.

Also *held,* that, as the son who held the title and moved in the reduction proceedings, was one of the executors, plaintiffs, and rested his case on allegations inconsistent with any personal claim, he could not thereafter make any such claim against the defendant.

(Argued June 25, 1886; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 29, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court.

This action was brought to recover back the amount of a reduction made by the court in an assessment upon certain lots in the city of New York.

The material facts are stated in the opinion.

*David J. Dean* for appellant. The fact that the purchase-price of this property was paid by James Brown, while the legal title was conveyed to his two sons, does not constitute him the equitable owner of the property. (*Welton* v. *Devine,* 20

Barb. 9; *Proseus* v. *McIntyre*, 5 id. 424, 432; R. S., chap. 1, art. 2, §§ 51, 52, 53 [Banks Bros.' 7th ed. 2181]; *Garfield* v. *Hatmaker*, 15 N. Y. 475, 478; *Everett* v. *Everett*, 48 id. 218.) Under the statute of 1858, the person entitled to maintain a proceeding for the vacation or reduction of an assessment was the "party aggrieved." Such party need not necessarily be the owner, but he must be in such privity with the owner that he is legally liable to pay the assessment, or it must appear that the assessment is a lien against some valuable legal interest held by him in the land. (*In re Phillips*, 60 N. Y. 17; *In re Burke*, 62 id. 225; *In re Gantz*, 85 id. 536; *Pursell* v. *Mayor, etc.*, id. 330.) As the plaintiffs' testator was not the owner of the property, or the "party aggrieved" by the assessment, he paid it as a volunteer, and cannot now recover that part of it which has been vacated by the court. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 499.)

*Cecil Campbell Higgins* for respondent. The admission of the answer that an assessment for Sixty-sixth street outlet sewer in the city of New York to the amount of $49,262.90 was laid upon lots of plaintiff's testator was binding upon it. (*Tell* v. *Beyer*, 38 N.Y. 11; *Paige* v. *Willett*, id. 28; *Thomas* v. *Austin*, 4 Barb. 265; *Schreyer* v. *Mayor, etc.*, 39 J. & S. 1; *Bruce* v. *Kelley*, id. 27; *Quackenbos* v. *Edgar*, 61 id. 653; *Donovan* v. *B'd of Educ'n*, 44 id. 53; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 550; *Potter* v. *Smith*, 70 id. 299.) If any inconsistency in a pleading can be shown, it must be construed against the pleader and not in his favor. (*Cruger* v. *H. R. R. R. Co.*, 12 N. Y. 201; *Bates* v. *Rosecrans*, 23 How. Pr. 98; affirmed by Ct. of Appeals, 34 id. 628; *Beach* v. *Bay State Co.*, 10 Abb. 71; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 550.) The people are bound by admissions in their pleadings as well as individuals. (*Page* v. *Van Rensselaer*, 9 N. Y. 291.) Upon the facts before the court the plaintiffs are the parties entitled to recover the assessment. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Pursell* v. *Mayor, etc.*, 85 id. 330.)

DANFORTH, J.. The money in question was paid by the testator to prevent the enforcement of illegal assessments imposed upon certain lots in the city of New York, and within well-settled principles of law may, under the circumstances of the case, be recovered back as so much money received by the defendant for the testator's use. The assessments were confirmed in June, 1871, and with interest amounted to $67,151.97. Proceedings to vacate or reduce the assessments were soon thereafter instituted in the name of John Crosby Brown, the then owner of record of the lots assessed, under the "acts in relation to frauds in assessments for local improvements in the city of New York" (Laws of 1858, chap. 338; Laws of 1870, chap. 283, § 27), but while they were pending and undetermined, the plaintiffs' testator was required to pay, and did pay, the whole amount above stated to the defendant. Afterward an order was made by the Supreme Court in the proceedings referred to, reducing the above sum to $34,632.52, which was adjudged to be the proper assessment on said lots. This left in the hands of the defendant the sum of $32,519.45, being the excess over the legal and just assessment, and for this amount the plaintiff has had judgment. It was affirmed by the General Term, and we cannot, upon the matters alleged and established by the record, see any other way in which judgment could have been given.

At the close of the plaintiffs' evidence the defendant's counsel moved to dismiss the complaint upon the sole ground that the plaintiffs had failed to show ownership by their testator of the property assessed, and the only reason for this appeal is the denial of that motion. As to that it appeared that the testator purchased and paid for the property, but the title was taken in the names of his sons "for convenience sake," and one of them afterwards conveyed to the other, who, upon the testator's death, conveyed it to his executors, the plaintiffs here. Legal ownership of the assessed property is not essential, even in proceedings to reduce the assessment. That right is conferred upon any person "aggrieved thereby" (Laws of 1858, chap. 338; *Purssell v. Mayor, etc.*, 85 N. Y. 330), and the question was necessarily

disposed of in those proceedings. So the right of restitution extends not only to the person in whose name the proceedings were taken, but to every one in whose behalf they were instituted, and here it may well be presumed that one who held the title for the convenience of another acted in his behalf in seeking to rid the land of an illegal assessment, and also that he who paid the money under the coercion of that assessment had an interest in its protection. It is enough that the payment was not voluntary, and the modification of the assessment shows that it was obtained from the plaintiffs' testator without right.

The learned counsel for the appellant relies upon the enactment that where a grant shall be made to one person, for a consideration paid by another, no trust shall result in favor of the person paying the money, if the conveyance shall be so made by consent of the owner of the fund, and the title shall vest in the alienee. (1 R. S. 728, §§ 51, 53.) We do not see that this statute has any application to the case in hand. It does not appear that the testator consented to an unconditional and absolute conveyance to his son, nor but that he supposed the purpose or " convenience " to be served would be expressed in it (*Lounsbury* v. *Purdy,* 18 N. Y. 515), and no presumption can be indulged in to support a defense which in any view is without merit, for the defendant's apprehension that it may hereafter be vexed for the same money by John Crosby Brown, the party moving in the reduction proceedings, is not well founded. He paid no money ; he is one of the parties plaintiff here, suing in the right of his testator, and rests his case upon allegations wholly inconsistent with any personal claim. The action of the court in reducing the assessment must be held to be conclusive that the money now at stake was obtained by the defendant without right, and is, therefore, held by it for the testator's use. (*Peyser* v. *Mayor, etc.,* 70 N. Y. 497 ; *Purssell* v. *Mayor, etc., supra.*) The judgment only requires restitution to his representatives and should be affirmed.

All concur, except FINCH, J., not voting.

Judgment affirmed.