ANGERMILLER v. EWALD.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. TRUSTS (§ 72*)—RESULTING TRUSTS.

One paid part of the price for real estate conveyed pursuant to his direction to a third person, who gave a mortgage on the premises to secure the balance. The deed was taken in the name of the third person individually, and contained nothing to indicate that it was intended as other than a conveyance to him in fee. No declaration of trust was executed. There was no showing of fraud of the third person in inducing the conveyance, nor any evidence of a parol agreement that he should hold the property in trust. *Held*, that under Real Property Law (Consol. Laws, p. 3589, c. 50, § 94) § 74, providing that the title vests in the grantee, and no trust results from the payment of the consideration, unless the grantee takes the same in violation of some trust, etc., the third person was not a trustee in a resulting trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 102; Dec. Dig. § 72.*]

2. EVIDENCE (§ 269*)—DECLARATIONS—ADMISSIBILITY.

Declarations of one paying a part of the price of real estate conveyed pursuant to his direction to another made after the conveyance are incompetent as against the latter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1063; Dec. Dig. § 269.*]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Minnie Angermiller against Charles Ewald. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Melville H. Cane (Oscar Lowenstein, on the brief), for appellant.
Charles P. Rogers, for respondent.

LAUGHLIN, J. This is an action by the sole residuary legatee of John Halk, deceased, to obtain a decree of the court adjudging that the defendant took and held the title to the premises described in the complaint in trust for the plaintiff's testator, and, after the latter's

death, in trust for his estate and for his heirs and devisees, and that the defendant holds the proceeds of a sale of the premises made by him after the death of Halk in trust for the plaintiff as sole residuary legatee and devisee of said Halk, and requiring him to account therefor. The relief for which the plaintiff prayed has been awarded by the judgment, from which the appeal is taken.

The findings of the court with respect to the material facts are sustained by the evidence, but I am of opinion that the conclusions of law are not warranted thereby. It appears that on the 5th day of December, 1902, the testator negotiated the purchase of the premises described in the complaint which are situate in the borough of Manhattan, N. Y. The purchase price was $14,500, of which he paid with his own check the sum of $8,500. The title to the premises was by his direction taken in the name of the defendant, who was an intimate friend of his, and who gave a bond and mortgage on the premises to secure the payment of the balance of the purchase price. At this time the plaintiff's testator was living separate and apart from his wife, but without a divorce or legal separation. The defendant paid no part of the purchase price. The deed was taken in the name of the defendant individually, and not as trustee, and it contained nothing to indicate that it was intended as other than a conveyance of the premises to the defendant in fee simple absolute, nor was any declaration of trust or other instrument in writing, relating to the question, executed. There is no other evidence tending to show that the defendant took title to the premises in trust or bearing upon the question as to the purpose for which title was vested in him. The case is therefore not only lacking in proof of fraud on the part of the defendant in inducing the conveyance to him, but there is no evidence that even a parol agreement was made between the defendant and the plaintiff's testator by which this property was to be held in trust for the latter. The case falls directly within the provisions of section 74 of the real property law (Consol. Laws, p. 3589, c. 50, § 94), and not within either of the two exceptions therein made. That section provides as follows:

"A grant of real property for a valuable consideration to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at the time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands; but the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration or in his favor, unless the grantee either,

"(1) Takes the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration, or,

"(2) In violation of some trust, purchases the property so conveyed with money or property belonging to another."

The provisions of the statute herein quoted have always been given full force and effect by the courts, except in cases of fraud or mistake, where to do so would be to permit a fraud either actual or constructive to be perpetrated on an innocent party. See Robbins v. Robbins, 89 N. Y. 251. In Gerard on Titles to Real Estate (4th Ed.) p. 261, the learned author in discussing the provisions of the Revised Statutes from which this section of the real property law was taken says:

"Where there has been mistake or fraud, parol evidence may be given to establish a trust, although a conveyance may be absolute; but the evidence must

be clear and positive and define the trusts; and except in case of mistake or fraud, no trust in land can be established in this way."

I am of opinion that this case falls within the doctrine of Fagan v. McDonnell, 115 App. Div. 89, 100 N. Y. Supp. 641, affirmed 191 N. Y. 515, 84 N. E. 1112, in that there is no evidence of any agreement between the defendant and the plaintiff's testator showing that the conveyance was made to the defendant for plaintiff's testator. If it appeared that there was an agreement between them by which the title was to be taken in the name of the defendant, who was to hold it for a particular purpose and for a given time for the plaintiff's testator, then it may well be that further proof that the latter performed the agreement by paying the purchase price in part and allowing the title to be taken in the name of the defendant, without defendant being given possession or exercising acts of ownership, would be sufficient to warrant a court of equity in impressing a trust upon the fund which is the proceeds of the sale of the land. See Jeremiah v. Pitcher, 26 App. Div. 402, 49 N. Y. Supp. 788, affirmed 163 N. Y. 574, 57 N. E. 1113; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Church of St. Stanislaus v. Algemeine Verein, 31 App. Div. 133, 52 N. Y. Supp. 922, affirmed 164 N. Y. 606, 58 N. E. 1086. In the case at bar, however, there is nothing to show that the plaintiff's testator entered into possession of the premises in question, which consisted of vacant lots, which distinguishes this case from Jeremiah v. Pitcher and Church of St. Stanislaus v. Algemeine Verein, supra.

The principal difficulty with the plaintiff's case is that there is not a scintilla of competent evidence tending to show any agreement between the plaintiff's testator and the defendant with respect to the property. It does appear that the plaintiff's testator negotiated the purchase of the property, but the inference would be, since title was taken in the name of the defendant, if the facts give rise to any inference that he was acting for the defendant. This is not overcome by the fact that he paid the cash part of the consideration. He may have owed the defendant the amount, or he may have loaned the money to the defendant. It is doubtful in these circumstances whether his declarations made to the agent of the vendor prior to the execution of the conveyance, in the presence or brought to the attention of the defendant were competent; and it is perfectly clear that like declarations made by him subsequent to the conveyance, which were admitted over the objection and exception duly taken by counsel for the appellant, were incompetent.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, McLAUGHLIN, and CLARKE, JJ., concur.

HOUGHTON, J. (dissenting). I think the plaintiff proved facts from which the fair inference arises that the defendant agreed to take title to the real property in question, and hold it for the benefit of the decedent Halk. If there was in fact such an agreement, the law will not permit the defendant to shield his fraud in refusing to convey or to account for the proceeds under the plea of the statute of frauds.

Jeremiah v. Pitcher, 26 App. Div. 402, 49 N. Y. Supp. 788, affirmed 163 N. Y. 574, 57 N. E. 1113; Church of St. Stanislaus v. Algemeine Verein, 31 App. Div. 133, 52 N. Y. Supp. 922, affirmed 164 N. Y. 606, 58 N. E. 1086; Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696. From the nature of the case the plaintiff was unable to adduce the most positive evidence or to prove an express agreement. She did prove, however, that the decedent was not living with his wife, having had such trouble with her that he at least thought she would not sign a deed in case he wanted to sell. When the deceased bought the property and paid all of the consideration therefor, he told the agent who was negotiating the sale to him that he wanted title taken in the defendant's name for some reason which he did not disclose. That reason was proved by another witness to be his unfriendly relations with his wife. The defendant and the deceased were on confidential terms. Decedent in placing the title in defendant's name was not endeavoring to defraud his creditors, and there is no evidence of any express purpose on his part to actually give the property to the defendant. In view of the circumstance of the confidence which the deceased reposed in the defendant and of his unfriendly relations with his wife, which caused him to believe she would not sign a deed in case he wanted to sell any or all of the lots, and the absence of proof of any express intent to give the lots or their purchase price to the defendant, I think a fair inference arises that the defendant agreed with the decedent to take title to the real property and hold it for him. At least, there was such prima facie evidence of such an agreement that it became the duty of the defendant to clear himself by showing that no such agreement existed, and that he was entitled to hold the property or its proceeds, and this he failed to do.

In Church of St. Stanislaus v. Algemeine Verein, supra, Van Brunt, P. J., says:

"It seems to be a well-settled rule of law in this state that, unless it appears that the person paying the consideration has consented to an unconditional and absolute conveyance of the property to another without any recognition or intimation in respect to his rights, the statute in question will not protect the attempted fraud; and it is further held that no presumption can be indulged in to support such a defense. Schultze v. Mayor, 103 N. Y. 311, 8 N. E. 528."

The plaintiff by her proof certainly made it appear that something further transpired between the defendant and the deceased than the mere paying of the consideration by him and his consenting to an unconditional and absolute conveyance of the property to the defendant without any recognition or intimation in respect to his own rights. On the contrary, the proof shows that he at least attempted to retain some rights in the property and supposed that he had. Except for the fact that the proof was explicit, whereas in the case at bar it only raises a presumption which is just as good in law, the case of Jeremiah v. Pitcher, supra, is on all fours with the present one. In that case, because of the insanity of his wife, who therefore could not sign a deed, a man paid the consideration and took title in his daughter so that he might convey the property if he saw fit without being embarrassed by the absence of his wife's signature. The court held that the

·daughter could not retain the property under such circumstances, and directed a judgment declaring that it was held in trust and directing a reconveyance. Fagan v. McDonnell, 115 App. Div. 89, 100 N. Y. Supp. 641, affirmed 191 N. Y. 515, 84 N. E. 1112, is not controlling. That case turned upon the fact that the person paying the money by repeated acts and refusal to accept a deed tendered clearly indicated that he intended to relinquish all rights to the property to the person in whose name he had caused the deed to be made.

It was certainly competent to prove what the deceased said to the, person from whom and through whom he bought the property with respect to how the deed should be made, and it was also competent to prove that the reason why the deceased did not himself take title was his unfriendly relations with his wife. Very much could be said with respect to the competency of the other declarations of the deceased and his acts toward the property after title had been placed in defendant's name, as casting light upon his exercise or attempted exercise of ownership. The property was vacant, and he could not occupy it, and it is not at all clear to my mind that what he said and did while viewing the property or passing by it was not competent evidence. Assuming, however, that it was incompetent and that the learned trial court improperly permitted such declarations in evidence, such error, if error there was, is not sufficient to reverse the judgment. The action is in equity, and the defendant proved no defense at all, and, if any error was committed in this respect, it could have done no harm.

I think the judgment was right, and that it should be affirmed.