NATHAN KUSHLOWITZ, Plaintiff, *v.* DAVID BLUM, Defendant.

Supreme Court, Erie County, June 25, 1929.

*Phillies & Weil,* for the plaintiff.

*R. A. McClelland* and *Edward H. Kavinoky,* for the defendant.

WHEELER, Official Referee. This action is brought to impress a trust in favor of the plaintiff on two parcels of property located in the city of Buffalo, and to have the plaintiff declared the equitable owner of the same. The facts as shown by the evidence are substantially as follows:

The plaintiff was the husband of Ray Kushlowitz, who died intestate on the 23d day of October, 1927. She left no children her surviving, and her father, the defendant in this action, is her heir at law, and claims ownership of the two properties as such. The plaintiff, on the other hand, claims to be the equitable owner of the properties by reason of certain facts and circumstances, which will be referred to in this opinion. The Ellicott street property was acquired by purchase in April, 1923. The deed of conveyance ran to the plaintiff and his wife, Ray Kushlowitz. This conveyance made the grantees owners by the entirety, so that the survivor, on the death of one, would become the absolute owner. The plaintiff contends that his money paid for this parcel. The referee is of the opinion, and finds as matter of fact, this contention is not supported by the evidence.

The evidence shows that, prior to the purchase of the Ellicott street property, Ray Kushlowitz had in the Erie County Savings Bank certain accounts with considerable sums standing to her credit. There was also an account in said bank standing in the joint names of Nathan and Ray Kushlowitz. These accounts show that on the date the purchase of the Ellicott street property was closed about eighty per cent of the purchase price came from the individual account of Ray Kushlowitz. The balance was in all probability furnished by the plaintiff, her husband. The original source of the deposits made in the bank to the credit of Ray Kushlowitz is not shown, but the evidence tends to show that she had no independent source of income, and the probability is that the moneys so deposited were given her by her husband. Nevertheless, in the absence of any evidence to the contrary, the referee must hold the deposits standing in the wife's name were her individual property, even though it may have been given her by her husband.

However, whatever the source of the purchase price of the Ellicott street property, the referee does not deem it a matter of any particular importance in this action. By mutual consent the conveyance was made to the husband and wife, and vested in them the title as tenants by the entirety, without any resulting trust in favor of either the husband or wife. They became owners with the usual incidents of survivorship, and the plaintiff in this action on the death of his wife would become the absolute owner, unless that right is defeated by the subsequent conveyance by him to her, to which reference will be later made in this opinion.

After the acquisition of the Ellicott street property about the sum of $11,000 was expended on it, in remodeling and improving the building standing on the lot. The evidence shows these

expenditures were paid by the husband, Nathan Kushlowitz. The building was occupied by himself for saloon purposes, he living above with his wife. After the Ellicott street property was acquired, the North Division street property was purchased. The evidence shows that all the negotiations for its purchase were conducted by the plaintiff, and his wife was not known in the transactions leading to its acquisition. However, by the direction of the plaintiff the deed of conveyance ran to Ray Kushlowitz, the wife, and is dated June 8, 1923. The referee is of the opinion the evidence justifies the finding that the plaintiff's money paid for this property. Both the Ellicott street and the North Division street properties were offered for sale.

The evidence shows the plaintiff was frequently away from home in New York, and it was suggested to the wife that, if a sale was made while her husband was absent, it would be more convenient if the record title were in her name, and she could convey without the necessity of her husband returning to Buffalo for that purpose. The record shows that on May 27, 1924, the plaintiff did quitclaim to his wife the Ellicott street parcel for the expressed consideration of " $1.00 and no more." The North Division street parcel had been originally deeded to his wife as sole grantee, and there was no occasion for any further conveyance by the husband. Although these properties were for sale, no conveyances were in fact made by the wife in her lifetime, and on her death she still remained the owner of the record title to both properties. The plaintiff contends his wife, however, held these properties in trust for him. The evidence is that he managed the properties, and, where any question arose relating to them, the wife referred parties to her husband. He collected the rents and occupied the Ellicott street property for his own purposes. There is evidence she stated to others that the property was her husband's.

She was taken to the hospital for an operation, and expressed doubts as to her recovery, and stated she wished to make the properties over to her husband, but died without having done so. It is not necessary to state in detail all the declarations claimed to have been made by Mrs. Kushlowitz, beyond that they were to the effect that her husband had put the properties in her name, so she could convey in his absence. We think the evidence sustains the contention that, when the plaintiff quitclaimed the Ellicott street parcel to his wife, it was done for the purpose of enabling her to convey the property more readily in the event of a sale, and that he thereby constituted her his agent for that purpose, reposing in her trust and confidence so to do, and that she recognized that obligation. This being so, under the authorities hereafter

cited, the referee is of the opinion that the equitable interest of the plaintiff in it remained unchanged, and that on his wife's death he took such equitable interest as the survivor of the two.

However, a different question is presented as to the North Division street piece. There is no evidence that at the time the plaintiff purchased and paid for this parcel there was any agreement or arrangement between the plaintiff and his wife that she was to hold it for any specific purpose, or that she should take any other than an absolute title to the real estate. If the wife had seen fit to sell and convey, the referee is unable to discover any testimony which prevented her so doing, and appropriating to herself the proceeds of the sale. The referee cannot discover she would have violated any trust and confidence in so doing.

It is true that some of the witnesses for the plaintiff testified that the wife in her lifetime referred to both properties as belonging to her husband. Owing to the fact that they were husband and wife, and the husband had furnished the purchase price for the North Division street parcel, and they were living happily together, such declarations, if made, were not unnatural. To establish a valid legal trust, we think it was necessary for the plaintiff to go further, and to satisfy the court that, at the time the conveyance of the North Division street property was made to the wife, there was some agreement or understanding between the wife and her husband that she was to hold it for his use and benefit. If there was such an understanding or agreement, it would amount to a fraud on her part not to observe it. We think the plaintiff's evidence fails to make out such a case. There is a circumstance in the history of the purchases which has some bearing on the question involved. The Ellicott street parcel was first purchased, and the deed in that deal ran to the plaintiff and his wife as tenants by the entirety. Later the North Division street piece was bought, and as to that the deed ran to the wife as sole grantee. The difference in the form of the two conveyances would seem to indicate that the plaintiff treated the two transactions differently, and sought to give his wife the uncontrolled ownership of the North Division street property.

Be that as it may, section 94 of the Real Property Law declares that " A grant of real property for a valuable consideration, to one person, the consideration being paid by another," is presumed fraudulent as to creditors, " but the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration, or in his favor, unless the grantee either,

" 1. Takes the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration; or,

" 2. In violation of some trust, purchases the property so conveyed with the money or property belonging to another."

It accordingly has been held that the fact that a husband furnished the purchase money and took title to certain premises in the name of his wife, unqualified and unexplained, created a gift to her, so that title passed to her heirs upon her death. (*Weigert* v. *Schlesinger*, 150 App. Div. 765; affd., 210 N. Y. 573.) The facts in the *Weigert* case are practically the same as those in the case in hand. In the *Weigert* case declarations were shown to have been made by the wife of the same general import as those testified to in this case, but the court held they did not establish an agreement to hold the property in trust for the husband, and on the wife's death her heirs at law inherited the latter. To the same effect is the reported case of *McCartney* v. *Titsworth* (119 App. Div. 547), and numerous cases cited.

In the able brief of counsel submitted on behalf of the plaintiff, many cases are cited which it is contended sustain the plaintiff's right to recover the North Division street property, as well as the Ellicott street parcel; but an analysis of those cases discloses that in each of them there is an abuse of trust which amounts to a fraud in law and equity, which distinguishes them from the case now under consideration. The referee has already stated he is of the opinion that the evidence establishes the plaintiff's right to the relief demanded as to the Ellicott street property, not, however, by virtue of proof of any trust established when the deed of conveyance was made to himself and wife in April, 1923, but by reason of the facts and circumstances under which he quitclaimed to her in May, 1924.

The evidence justifies the finding that this latter deed was given for the specific purpose of enabling his wife to convey to a possible purchaser without the plaintiff's presence, and upon a promise to do this in his interest, and upon the promise his wife would properly account to him for his interest in the property in the event of a sale; in other words, that she held his interest in trust for the purposes stated. This created a resulting trust, which equity will recognize and enforce. The authorities fully sustain the referee's view. (*McKenna* v. *Meehan*, 248 N. Y. 206; *Goldsmith* v. *Goldsmith*, 145 id. 313; *Sinclair* v. *Purdy*, 235 id. 245; *Gallagher* v. *Gallagher*, 135 App. Div. 457; *Lamb* v. *Lamb*, 18 id. 250.)

Stress in all the foregoing cases is put on the confidential relations of the parties and promises or assurances made at the time the transactions were had. Were Mrs. Kushlowitz living, it would have been a constructive fraud for her to refuse to recognize the

rights of her husband, and it is equally such for her heirs at law to do so.

We, therefore, hold and decide that, inasmuch as Mrs. Kushlowitz has died and the entire estate rests in the plaintiff, he is entitled to the relief asked so far as it relates to the Ellicott street property; but so far as the action relates to the North Division street parcel the evidence fails to make out a case: Having found that the defendant herein is entitled as heir at law of Ray Kushlowitz to the North Division street property, and inasmuch as the defendant in his answer sets up and demands judgment for certain alleged rents collected, and inasmuch as this is an equity action, the decree may provide that the plaintiff account for any rents of the North Division street parcel collected by him, and on such an accounting proper and just allowance may be made for the payment of any carrying charges of said property paid by him. The same direction is made as to the Ellicott street property.

The defendant has moved to reopen the hearing in this action and permit the introduction of certain testimony set forth in the moving affidavit. The referee has denied the motion on the sole ground that, if the statement of the witness Abraham Blum were admitted and received, in view of the law and facts as set forth in the foregoing opinion, it would not in any way change or modify the views of the referee on the merits of this case.

Findings may be prepared in accordance with the views above expressed. So ordered.