JAMES M. BURNSIDE, Respondent, v. ELLA BURNSIDE, Also Known as ELLEN BURNSIDE, an Incompetent Person, by JOHN G. BURNSIDE, Her Committeeman, Appellant.— On November 12, 1907, certain real property located in the borough of Brooklyn was purchased in the name of the defendant-appellant, Ella Burnside. In March, 1920, another parcel located in the borough of Brooklyn was also purchased in the name of the defendant-appellant. The plaintiff-respondent was then and is now the husband of the defendant-appellant. In March, 1932, Ella Burnside was adjudged incompetent and confined to a State institution. In November, 1933, a committee was appointed for the estate of the incompetent. In 1935 this action was brought to declare the property to be held in trust by the appellant for the respondent, alleging oral agreements to reconvey the property on demand and demanding that the sum of $365 held in escrow pursuant to a stipulation, be turned over to the respondent. The appellant counterclaimed for rents alleged to have been converted by the plaintiff between the date of the commitment of the appellant and the appointment of her committee. Upon a previous appeal from a judgment in favor of the defendant, dismissing the complaint, the judgment was reversed and a new trial granted upon the ground that the judgment was against the weight of evidence. (*Burnside* v. *Burnside*, 253 App. Div. 814.) The plaintiff has now recovered a judgment granting to him the relief asked for in the complaint, and the counterclaim of the defendant has been dismissed. Judgment modified by granting defendant's motion to dismiss the first and second causes of action and for judgment on her counterclaim; by denying plaintiff's motion for judgment as to the first and second causes of action; by striking out that part thereof which grants judgment to plaintiff on the first and second causes of action and by providing that as to them the complaint be dismissed on the merits; by striking out the provision dismissing defendant's counterclaim, and by inserting in place thereof a provision that defendant have judgment on her counterclaim, directing that plaintiff account to defendant for the rents, issues and profits of the property described in the complaint from the date when defendant was adjudged incompetent to the date when the committee of her estate qualified. As so modified, the judgment is affirmed, without costs. The

matter is referred to an official referee to take and state the account. There has been produced upon this trial additional evidence which establishes that the purchase price of the property purchased in 1906 was supplied from the separate estate of the defendant. In addition, evidence has been supplied demonstrating that the plaintiff, after the commitment of his wife, considered the property to be that of the defendant and there is insufficient proof of an oral agreement to justify a decree of specific performance. (*Weigert* v. *Schlesinger*, 150 App. Div. 765; affd., without opinion, 210 N. Y. 573.) Lazansky, P. J., Carswell, Adel and Close, JJ., concur; Johnston, J., dissents and votes to affirm without modification.