JOHN SERVINO, Appellant, v. JEAN SERVINO, Respondent.— Appeal by plaintiff from a judgment which (1) dismisses his first cause of action for a decree adjudging that he is a one-half owner of a parcel of property, title to which was taken in the name of defendant, his wife; and (2) limits his recovery on the second cause of action to $2,190.40, instead of awarding him $2,400, or one half of the total sum of $4,800 withdrawn by defendant from a savings account in the joint names of plaintiff and defendant. Judgment modified on the law and the facts by (1) striking therefrom the first two decretal paragraphs; (2) striking from the third decretal paragraph the words and figures " Two Thousand One Hundred Ninety and 40/100 ($2,190.40) " and by substituting therefor the words and figures " Two Thousand Four Hundred Dollars ($2,400) ". The two causes of action in the complaint are severed, and a new trial is granted with respect to the first cause of action. As so modified, the judgment is affirmed, with costs to appellant to abide the event of the new trial with respect to the first cause of action. The finding in favor of respondent on the first cause of action is against the weight of the credible evidence. As to the second cause of action, findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The proof establishes that the moneys in the joint account involved in the second cause of action belonged to both appellant and respondent equally. Therefore, appellant is entitled to one half of such moneys. Wenzel, Schmidt and Beldock, JJ., concur; Nolan, P. J., and Adel, J., concur in the modification of the judgment with respect to the second cause of action but dissent as to the modification and the granting of a new trial with respect to the first cause of action, and, as to said first cause of action, vote to affirm the judgment, with the following memorandum: The finding in favor of respondent, in our opinion, is not against the weight of the evidence. If it be assumed, however, that appellant furnished a portion, or

even all, of the money used to purchase the real property which is the subject of this alleged cause of action, he was, nevertheless, not entitled to a judgment. There was no believable evidence that the conveyance of the house to appellant's wife and the taking of title in her name was without appellant's consent or knowledge, nor was there any evidence that she agreed to hold the property in trust or to consider him a half owner. Apparently the taking of title in the wife's name was what was contemplated by the parties, and if such was the case, it is not material that appellant did not understand the legal effect of the transaction. The investment of the money in the house, under the circumstances disclosed, indicated a gift to the wife, and was such in law, and no trust results in the husband's favor. (Real Property Law, § 94; *Weigert* v. *Schlesinger*, 150 App. Div. 765, affd. 210 N. Y. 573.)