McDonald, J.
Motion to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice on the ground that the same does not state facts sufficient to constitute a cause of action denied. Motion for an order requiring the plaintiff to separately state and number each cause of action contained therein pursuant to rule 90 of the Buies of Civil Practice is granted.
Plaintiff and one of the defendants, Anna Culpepper, are husband and wife. The other two defendants are the adult issue of the marriage. In substance, the complaint alleges that during the period of the marriage plaintiff turned over to his wife $80,000 for the purpose of maintaining the family household. It further alleges that these moneys were not turned over to her as a gift but solely for the purpose of providing a home for plaintiff, his wife and their children. The complaint further alleges that the plaintiff’s wife managed the home and paid all the bills and necessary charges and that said sum turned over to her was more than sufficient to maintain the household, as a result of which she accumulated considerable sums of money. The complaint further alleges that the plaintiff permitted the rooms of his home to be rented by his wife to boarders, *357 and that his wife' managed the rooming house and collected the rents therefrom Which she added to the funds she had already accumulated. Plaintiff further alleges that out of the money accumulated by the defendant wife and the income of the rooming house business the defendant wife purchased two pieces of real property. Title to one piece was taken in the name of the defendant wife and the two sons, and title to the other taken in the name of the defendant wife alone. There is a further allegation that both pieces of property were purchased by the defendant Anna Culpepper with money lawfully and rightfully belonging to the plaintiff. The complaint further alleges that the defendant wife has in her possession the plaintiff’s clothing and personal effects and she refuses to return them to the plaintiff. Plaintiff asks judgment against the defendants that (1) the defendants be decreed trustees of both parcels of property described in the complaint bolding title thereto for the benefit of the plaintiff; (2) that the defendants be directed to convey both said properties to the plaintiff; (3) that defendants be directed to account for all moneys, rents, income and profits received by them while in possession of said properties and that they be directed to pay such amount as will be shown to be due and owing to the plaintiff; (4) that the defendants be enjoined from transferring said properties pending the determination of this suit; that the defendant Anna Culpepper be directed to account for all moneys received by her from the plaintiff and all moneys, rents, income and profits received by her from roomers or boarders during the married life of the parties, and that plaintiff have judgment against the defendant Anna Culpepper in the sum of $1,500 for the value of his clothes and personal effects improperly and illegally withheld by her.
A motion of this character tests solely the legal sufficiency of' the allegations ■ pleaded. In determining whether a cause of action is stated, the allegations must be deemed to be true even though, as in this litigation between husband and wife, they may tax credulity to the extent of positive disbelief as to the fact of their actual occurrence. The question is therefore squarely presented as to whether or not the moneys paid by a husband to a wife for the support and maintenance of the joint household remain at all times the property of the husband and whether the wife can be compelled to account therefor to the last penny.
The generosity of the plaintiff in so lavishly providing for his wife and family is minimized to some extent when it is realized that payment of the $80,000 referred to in the complaint *358 was spread over a period of forty years and was made at the rate of $2,000 per year.
It has long been the proud boast of the Anglo-Saxon bench and bar that the common law is but a compilation of the rules of common sense and the established customs of the English speaking world. If this be true, the legal principle this court is constrained to apply to the instant case is the exception which proves the rule. The well-settled rule of law seems to be in complete harmony with the plaintiff’s claim — namely, that the funds primarily belong to the husband, and that any surplusage remaining after the payment of the necessary household charges by the wife remained at all times the property of the husband and was neither compensation to the wife nor a gift to her. (Marks v. Marks, 250 App. Div. 289; Stevens v. Cunningham, 181 N. Y. 454; Stamp v. Franklin, 144 N. Y. 607; Porter v. Dunn, 131 N. Y. 314.) Even though this be the law, it is doubtful that any married man would have the temerity to contend that the results of his wife’s frugality and economy, accomplished at no small sacrifice to her, inure entirely to his benefit. Yet this is the purport of the cases above referred to. That such holding both encourages extravagance and discourages thrift has apparently had little weight with either the trial or appellate courts, and it is believed that few members of the bench would possess the courage to apply such rule in their own households. Certainly the writer would much prefer to have the correctness of this decision passed upon by an appellate court rather than by the distaff side of his family. Yet the doctrine of stare decisis compels the court to follow this uncommon principle of the common law. It being established, therefore, that the complaint properly sets forth a cause of action for an accounting of the funds delivered to the defendant wife, it follows that the trust funds, if such are established upon the trial, may be followed, no matter in what form they have been invested, and that a trust may be impressed thereon for the benefit of the cestui que trustent (Equity Corp. v. Groves, 294 N. Y. 8; Harrison v. Egan, 270 N. Y. 387). The causes of action in the complaint should, however, be separately stated and numbered. The purpose of rule 90 is to require the complaint to be in such form that the defendant may make denials with clearness and certainty and thus aid in the preparation for trial. If plaintiff relies on more than one cause of action, he should separately state and number the same in his complaint. Settle order.