ALICE A. RATKOVITCH, Respondent, v ANTON D. RATKOVITCH, Appellant.—In an action by the plaintiff wife *inter alia* for (1) a divorce and (2) a declaration that moneys on deposit in a certain joint savings account are her funds exclusively, in which defendant counterclaimed, *inter alia,* (1) for a declaration that he is the sole owner of (a) the funds in the said joint savings account and (b) the funds in a second savings account in the name of plaintiff as custodian for the parties' infant son, (2) for a declaration that a certain two-family dwelling is held by plaintiff as trustee for him and (3) that plaintiff account to him for the rents, income and profits from the said premises, defendant appeals from a judgment of the Supreme Court, Richmond County, dated November 20, 1972, which, upon the separate trial of the cause of action concerning the joint savings account and the counterclaims, declared plaintiff the sole and exclusive owner of (1) the moneys on deposit in both savings accounts and (2) the subject premises. Judgment modified, on the law, by (1) deleting from the first decretal paragraph thereof the provisions (a) declaring plaintiff to be the sole and exclusive owner of the moneys on deposit in the joint savings account in the Richmond County Savings Bank and (b) that defendant has no right, title or interest in or to the said account, and substituting therefor a provision that plaintiff and defendant are equal owners, as joint tenants, of the said joint savings account and (2) deleting the second decretal paragraph thereof and substituting therefor a provision declaring that plaintiff and defendant are equal owners, as tenants in common, of the real property located and known as 65 Melrose Avenue, Staten Island, New York, and that each of them is entitled to receive half the monthly rental proceeds from the said real property. As so modified, judgment affirmed, without costs. The parties were married in 1954. A son was born to them in 1958. The defendant husband, a native of Yugoslavia, has been a merchant seaman since 1936. During the marriage all of his earnings were sent to his wife. Sometime in 1961 or 1962 the parties purchased a home, with title in the names of both of them. That home was subsequently sold and a second was purchased with the proceeds of the sale. Title again was in both parties. To facilitate the sales and purchases, as well as other matters during defendant's voyages at sea, he executed a general power of attorney to the plaintiff in December, 1962. When the second house was sold by plaintiff and a third dwelling purchased, title to it was placed by her in her name only. Upon its sale, a fourth house was again purchased in her name alone. This, too, was sold and a fifth house, the subject real property, was purchased, again with title only in her.

The fifth property, as were all the preceding properties, is a two-family dwelling yielding rental income. When plaintiff commenced her action for divorce on the ground of cruel and inhuman treatment, she sued also to have herself declared the sole owner of approximately $28,000 in a joint savings account. Defendant counterclaimed for a declaration that he was the sole owner of that account, as well as the sole owner of approximately $3,000 in another savings account in plaintiff's name as custodian for their son; and that the subject realty was held for his benefit by plaintiff, as trustee. Plaintiff was granted the divorce. A separate trial, without a jury, was held as to the ownership of the savings accounts and the real property. Plaintiff testified that her money was used to purchase the first house. Although she had not been employed outside of the home since 1956, she maintained that she had savings from her employment before marriage, as well as a $1,000 inheritance and a $1,000 endowment policy. She claimed that defendant told her that refunds from their joint income tax returns were hers as well as, in effect, everything else she was able to save from the household money and rental income. She also testified that the bank account was in her name alone until she became ill. She then put the account into both names, intending to later change it, if she survived. Defendant's testimony was that he did not know that title to the subject property was not in both their names, as had been title to the first property. He claimed that he had substantial savings when he married, accumulated from his years at sea, that he now has nothing, that he had trusted plaintiff and that his salary was intended for her support and for their son and to be saved for her old age. We reject plaintiff's claim that because the funds used to purchase the first home were solely hers, assuming, *arguendo,* such to have been the case, she is the sole lawful owner of the subject property, which was acquired from the proceeds of the sale of the first home and successive purchases and sales. Where the title to property is taken in the names of both spouses, the law implies a gift on the part of the spouse who furnishes the consideration and, upon a sale, each is entitled to an equal share of the proceeds *(Secrist v Secrist,* 284 App Div 331, affd 308 NY 750; *Weigert v Schlesinger,* 150 App Div 765, affd 210 NY 573; *Sterns v Stevans,* 20 Misc 2d 417; Ann. 43 ALR2d 917; see, also, *Miraldi v Miraldi,* 36 AD2d 858, affd 29 NY2d 408). The record does not show whether title to the first and second houses was by the entirety or as joint tenants. Title to these properties is referred to only as "in both names". In the circumstances of this case, whether title was by the entirety does not affect the result. Utilizing defendant's power of attorney to effect the sale of the second property, plaintiff thereafter purchased a third house, and successive houses, in her name alone. There is no claim that the power of attorney was to be so used; plaintiff may not thus divest defendant of his equal share in the later acquired property (cf. *Kushlowitz v Blum,* 134 Misc 607). Title to the subject property should, therefore, upon the dissolution of the marriage, be in both parties as tenants in common. Defendant does not have sole right to ownership, as he prayed, even if the funds for the initial purchase were his; but neither may plaintiff have sole ownership, as awarded her by the judgment. It follows that the rental income from the two-family residence should also be shared equally. We also reject plaintiff's claim that the money in the joint savings account is exclusively hers, whether on the theory of a gift to her by defendant or on the theory that it was brought with her to the marriage. As to this latter theory, her testimony is that her own savings provided the down payment for the first house *and* remain as the bulk of the $28,000 in the joint savings account. This is not substanti-

ated by the evidence produced by her. She claimed savings at the time of her marriage of $11,000, but also testified that the cash down payment for the first house was $12,000. The inconsistency in her own testimony must be resolved against her. Plaintiff's claim of a gift of the surplus household funds given her by defendant (he gave her all of his salary) was based upon his purported statement to her that she could do as she pleased with the money. This would effectively include all of his earnings above household necessaries, plus the rental income and income tax refunds. We find this claim groundless. Defendant's claim, on the other hand, that he should be declared the sole owner of the funds in the joint savings account cannot be justified. This is so notwithstanding his common-law right to the surplus household moneys (*Marks v Marks,* 250 App Div 289; *Culpepper v Culpepper,* 1 Misc 2d 355). If such a right exists, however, "the extent of the relief will be adapted to the situation at the time of the decree" *(Wappler v Woodbury Co.,* 246 NY 152, 156 [Cardozo, C.J.]). We determine, then, that defendant is the owner of one half the moneys on deposit in the joint savings account. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.