■    RICHARD V. CLARKE, Appellant, v GRETE F. CLARKE, Respondent.—In an action pursuant to article 9 of the Real Property Actions and Proceedings Law for partition or sale of certain property, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, entered August 27, 1979 which, *inter alia,* in effect, determined the respective interests of the parties in the subject property to be equal and (2) a second order of the same court dated August 27, 1979 which, *inter alia,* denied plaintiff's motion to vacate the first order. Appeal from first order entered August 27, 1979, dismissed. No appeal lies from an order entered on default. Second order dated August 27, 1979 affirmed. Respondent is awarded one bill of $50 costs and disbursements. Pursuant to section 905 of the Real Property Actions and Proceedings Law the plaintiff in an action to partition real property must set forth in the complaint the nature of his interest in the subject property. In commencing the instant action, plaintiff asserted only that the subject property was held with the defendant his former spouse, as tenants in common. Defendant admitted the allegation and moved for summary judgment ordering sale of the property. Counsel for plaintiff did not oppose this motion but instead requested an adjournment, explaining to the court by affirmation that plaintiff desired to purchase defendant's one-half interest in the property and thereby avoid a court-ordered sale. Special Term, treating the motion for summary judgment as one for a reference, concluded that the interests in the property were uncontroverted and granted said reference. Special Term's determination was correct. The asserted interests in the property at that point had only been that it was held by the parties as tenants in common. Pursuant to the presumption that tenants in common hold property in equal shares *(Secrist v Secrist,* 284 App Div 331, affd 308 NY 750) and bolstered by the allegation of plaintiff's counsel that plaintiff sought to purchase defendant's one-half interest, Special Term was justified in concluding that the respective shares were uncontroverted and equal. Consequently, a hearing on this matter was unnecessary. After retaining new counsel, however, plaintiff moved pursuant to CPLR 5015 to vacate the decision reached upon his default on the motion for summary judgment. Special Term treated the motion as one to vacate the order entered on the decision. Plaintiff asserted that he had provided the entire consideration for the purchase of the property and construction of the dwelling, and that the property had always been considered his. Therefore, he contended that his interest in the property, rather than being equal with the defendant's, was exclusive. Special Term denied the motion. Prerequisite to a successful motion to vacate a default judgment is a showing by the movant of a meritorious cause of action *(Montrose Concrete Prods. v Silverite Constr. Co.,* 68 AD2d 904). Plaintiff's allegations here were insufficient to satisfy this criterion. Ordinarily where title is held by parties as tenants in common, allegations of exclusive payment would be sufficient to show unequal interests in the property, but where the cotenants have been spouses, the law presumes a gift of a one-half interest on the part of the spouse providing all of the consideration *(Ratkovitch v Ratkovitch,* 49 AD2d 890). Plaintiff's conclusory allegation that the property had been considered his alone would not rebut this presumption. Moreover, by his representation in a prior action for a divorce that the subject property had been jointly owned and by

his former counsel's unrefuted assertion in the instant action that plaintiff sought to purchase defendant's one-half interest in the property, any claim that the presumption is inapplicable is belied. We also note that plaintiff's explanation that the property had been taken as tenants in common in order that the wife and children would share the property upon his death, further supports the conclusion that a gift had been intended. Plaintiff having failed to indicate any likelihood of a meritorious cause of action, Special Term acted within its discretion in denying plaintiff's motion. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.