■ RUDY LAURO, Respondent, v TERRENCE L. BRADLEY, Defendant, and ALFRED S. PETTY, Individually and Doing Business as HERITAGE GROUP, Also Known as HERITAGE GROUP AUCTION SERVICE, Appellant. [697 NYS2d 882] —Order unanimously affirmed without costs. Memorandum: Plaintiff obtained a money judgment against defendant Alfred S. Petty in a civil action and sought to recover the amount of the judgment by issuing an execution upon James and Susan Nobles, the mortgagors of real property sold to them by Petty and his wife. The execution was on the monthly payments made to Petty and his wife, who held the mortgage as joint tenants. In compliance with the execution, the Nobles thereafter made their mortgage payments to the Sheriff. When the 90-day period for the execution expired, plaintiff moved to extend the expiration date, and Petty cross-moved to vacate the execution. Supreme Court extended the expiration date on the execution, but limited the execution to one half of the monthly mortgage payments. Petty appeals, contending that his wife furnished the consideration for the purchase of and improvements to the real property, and thus his creditor cannot obtain the proceeds from that property. We affirm.

When Petty and his wife took title to the real property as joint owners, there was an implied gift on the part of the spouse who furnished the consideration (*see, Secrist v Secrist,* 284 App Div 331, 334, *affd* 308 NY 750; *Ratkovitch v Ratkovitch,* 49 AD2d 890, 891). When Petty and his wife executed and delivered the deed to the Nobles, Petty and his wife had equal ownership in the consideration given for the deed, i.e., the mortgage (*see, Matter of Blumenthal,* 236 NY 448, 454; *Secrist v Secrist, supra,* at 334). As a judgment creditor, plaintiff is thus entitled to Petty's one-half interest in the monthly mortgage payments. (Appeal from Order of Supreme Court,

Onondaga County, Major, J.—Execution.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.