FLORENCE H. FINNEGAN, Appellant, *v.* HELEN HUMES and JAMES L. HUMES, Respondents.*

Fourth Department, November 5, 1937.

* Modfg. and affg. 163 Misc. 840.

*Edmund Fitzgerald*, for the appellant.

*Milton Carter*, for the respondents.

SEARS, P. J.   The action is for ejectment.

On the 16th day of May, 1930, the defendants, who are husband and wife, received a deed of the premises in question and became the owners of the land as tenants by the entirety.   On September 9, 1931, the plaintiff was granted a judgment against the defendant James L. Humes, and a few days later a transcript of this judgment was filed and the judgment docketed in the Lewis county clerk's office in which county the premises are located.   On the 26th day of April, 1932, the defendants deeded the premises to a third party who, on the same day, conveyed the premises to the defendant Helen Humes.   In 1935 the interest of James L. Humes in the premises was sold to the plaintiff upon an execution issued upon the judgment which the plaintiff had previously obtained against the defendant James L. Humes, and on the 16th day of November, 1936, the sheriff delivered to the plaintiff a deed purporting to convey

to the plaintiff all the estate, right, title and interest which the defendant James L. Humes had in the premises on the 18th day of September, 1931, the date when the judgment was docketed in the Lewis county clerk's office.

It is unnecessary for us to consider the rights of the parties as they would have been at common law, for it is now conclusively. established by the case of *Hiles* v. *Fisher* (144 N. Y. 306) that although an estate by the entirety still exists in this State, irrespective of the Married Women's Acts, one of the tenants by the entirety may convey his interest to a third person and that such third person, upon receiving such conveyance, becomes a tenant in common with the other tenant by the entirety subject to such other tenant's right of survivorship, and further that an action of ejectment may be maintained by the third party to recover possession of the third party's interest in the premises so acquired. The interest of the plaintiff was not obtained in the instant case by voluntary conveyance from one of the tenants by the entirety but upon an execution sale following a judgment against one of the tenants by the entirety. This does not differentiate the cases. No reason has been advanced nor can we find any why the interest which was thus voluntarily alienable was not subject to execution. The cases have uniformly held that such an interest is subject to the lien of the judgment and salable upon the levy of an execution. (*Beach* v. *Hollister*, 3 Hun, 519; *Coleman* v. *Bresnaham*, 54 id. 619; *Mardt* v. *Scharmach*, 65 Misc. 124; *Bartkowaik* v. *Sampson*, 73 id. 446; *Lopez* v. *McQuade*, 151 id. 390. See, also, *Zubler* v. *Porter*, 98 N. J. L. 444; 120 A. 194; 27 A. L. R. 822.) The tendency of the cases in tax matters is to assimilate the right of survivor of the tenants by the entirety to that of the transferee of a tenant in common. (*Matter of Klatzl*, 216 N. Y. 83; *Matter of Weiden*, 263 id. 107.)

In our opinion the transfer of the estate by the tenants by the entirety to a third party and by the third party to the defendant Helen Humes had no effect upon the plaintiff's rights. Such rights were to the husband's interest only and the manipulation of the title by the tenants by the entirety was always subject to the lien of the judgment and could not increase or diminish the plaintiff's rights.

One element necessary to the maintenance of an action in ejectment was, however, wanting in this case. There must be, to maintain ejectment between persons having a common or joint interest, an ouster of the person seeking relief. (Civ. Prac. Act, § 1004; *Gilman* v. *Gilman*, 111 N. Y. 265.) The agreed statement

of facts contains these stipulations: " That the defendant, Helen Humes, had been in the actual possession of said premises at all times since said 16th day of May, 1930. That she has not withheld possession of said premises from said plaintiff at any time, and that the defendant, James L. Humes, has no right, title or interest in said premises. That on or about the 29th day of December, 1936, plaintiff duly served upon the defendants a notice to surrender to plaintiff the immediate possession of the premises described in the complaint and to vacate the same." The record is silent as to what if any response the defendant Helen Humes made to the demand, except as included in the statement " that she has not withheld possession of said premises from said plaintiff." A somewhat similar situation is treated in *Gilman* v. *Gilman (supra),* where plaintiffs and defendant were tenants in common, there being also other tenants in common. Here, as was the case with the defendant there, Helen Humes is not shown to have claimed the whole property or to have resisted the plaintiff's claim to share with her the possession of the premises. Plaintiff had no right to remove the defendant Helen Humes from the premises or to order her to vacate. The sole right which the plaintiff had was to be put into possession with the defendant Helen Humes and share with her the occupancy and use of the premises. The judgment should, therefore, amount to a nonsuit for failure to prove an ouster, and should be without prejudice.

The judgment should be modified by striking therefrom the words " upon the merits " and inserting in place thereof the words " without prejudice," and as so modified the judgment should be affirmed, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Judgment modified and as modified affirmed, without costs of this appeal to any party.