## (June 8, 1953.)

A. L. BAZZINI CO., INC., Appellant, v. FRANK J. CAPPELINI et al., Respondents.— Appeal by plaintiff from an order granting defendants' motion to dismiss, for insufficiency, the second cause of action alleged in the amended complaint. Order reversed, with $10 costs and disbursements, and motion denied, without costs. Defendants' time to answer the second cause of action extended to ten days after entry of the order hereon. In the second cause of action plaintiff alleges that it is a creditor of defendant husband; that on June 8, 1951, defendant husband purchased certain real property with his own money and caused the title to be taken in the names of defendants husband and wife as tenants by the entirety; that the transfer to defendant wife was without consideration and fraudulent. Judgment is demanded that defendant husband be decreed to be the sole owner of the real estate. Defendant wife obtained an interest in the real estate by virtue of the grant. (*Matter of Lyon*, 233 N. Y. 208; *Matter of Klatzl*, 216 N. Y. 83; *Bertles* v. *Nunan*, 92 N. Y. 152.) The property could not be conveyed by the husband without the consent of the wife. (*Hiles* v. *Fisher*, 144 N. Y. 306.) Defendant wife became a tenant in common with her husband with the right of survivorship. (*Matter of Goodrich* v. *Village of Otego*, 216 N. Y. 112.) Her interest was subject to levy and sale upon an execution of a judgment against her. (*Finnegan* v. *Humes*, 252 App. Div. 385, affd. 277 N. Y. 682.) A fraudulent conveyance by defendant husband to defendant wife of such an interest in real property may be set aside by a creditor. Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.

ROSEMARIE CURCURATO, Individually and as Administratrix of the Estate of FRANK CURCURATO, Deceased, Appellant, v. FRANCIS J. REGGIO et al., as Administrators of the Estate of VINCENT REGGIO, Deceased, Respondents.— The second cause of action set forth in the complaint is to recover damages for the wrongful death of plaintiff's intestate, and the first cause of action is to recover damages for personal injuries alleged to have been sustained by the administratrix, individually. Defendants moved to dismiss the complaint on the ground that the action was not commenced within the time allowed by law (1950 Code of Va., § 8-633). Special Term granted the motion as to the second cause of action for wrongful death, severed that cause of action and directed that judgment be entered in favor of defendants thereon. The administratrix appeals from the order entered thereon, contending that the statute was tolled by section 8-31 of the 1950 Code of Virginia. Order affirmed, with $10 costs and disbursements. (*Manuel* v. *Norfolk & W. Ry. Co.*, 99 Va. 188.) Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.