ROTHSCHILD

v.

LINCOLN ROCHESTER TRUST CO.
No. 208, Docket 22988.

United States Court of Appeals, Second Circuit.

Argued April 15, 1954.

Decided May 6, 1954.

Arthur VD. Chamberlain, Rochester, N. Y. (Chamberlain, Page & D'Amanda, Rochester, N. Y., on the brief), for appellant.

B. Robert Rosenberg, Rochester, N. Y. (Nixon, Hargrave, Devans & Dey, Rochester, N. Y., on the brief), for appellee.

Before CLARK, HINCKS, and HARLAN, Circuit Judges.

PER CURIAM.

■ We can add little to Judge Burke's opinion sustaining the referee in bankruptcy in denying a discharge in bankruptcy to appellant, Jerome Rothschild, because of the latter's transfer of property to his wife, within twelve months of bankruptcy, "with intent to hinder, delay, or defraud his creditors."

Bankruptcy Act § 14, sub. c(4), 11 U.S.C. § 32, sub. c(4). The property in question was the house in Rochester where bankrupt lived with his wife; it was purchased in 1948 with funds supplied by the wife's mother, with title in the name of husband and wife, so that he as a veteran could procure a G. I. loan and mortgage, as he did. Thereafter he signed notes for his father, who was in financial difficulties. Being thus indebted to Lincoln Rochester Trust Company, the objecting creditor, he and his wife on June 14, 1950, joined in conveying the property to her alone. The testimony shows that this was on her threat to leave him and his attempt to keep the family together. His bankruptcy followed on February 5, 1951.

Whatever sympathy his apparently misguided efforts to assist his father may arouse, the law seems quite clear. Husband and wife had an estate by the entirety under New York law, with the husband's interest liable to be taken on execution (subject to her right of survivorship) and hence passing to the trustee in bankruptcy. Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305; Finnegan v. Humes, 252 App.Div. 385, 299 N.Y.S. 501, affirmed 277 N.Y. 682, 14 N.E.2d 389; A. L. Bazzini Co. v. Cappelini, 282 App.Div. 705, 122 N.Y.S.2d 115; Bankruptcy Act § 70, sub. a(5), 11 U.S.C. § 110, sub. a(5); 4 Collier on Bankruptcy 1039 (14th Ed. 1942). A conveyance while insolvent, without anything approaching a fair consideration to creditors, see Bankruptcy Act § 67, sub. d(2)(a), 11 U.S.C. § 107, sub. d (2)(a), is presumptively fraudulent within the discharge provisions of the Act. In re Woods, 2 Cir., 71 F.2d 270, certiorari denied Woods v. Regain, Inc., 293 U.S. 601, 55 S.Ct. 117, 79 L.Ed. 693; In re Julius Bros., 2 Cir., 217 F. 3, 7, L.R.A. 1915C, 89; 1 Collier on Bankruptcy 1382 (14th Ed. 1940). Unfortunately there is nothing here to show the contrary; he acted on the compulsion engendered by the wife's fear of losing their joint home to his creditors.

Affirmed.