Charles A. Loreto, J.
Plaintiff moves for summary judgment.
The plaintiff, a judgment creditor of defendant, Irving Rosenthal, brings this action to set aside the transfer of his business as fraudulent and in violation of the Bulk Sales Act (Personal Property Law, § 44), and the transfer without consideration of his undivided interest in certain realty to his wife.
It appears that Rosenthal ceased doing business at a time he was indebted to creditors. He “ permitted ” a family corporation, which owned the lease on his retail butcher shop to operate the business. Under the arrangements, he serves as president of the said corporation at a salary of $100 per week. This salary, incidentally, has been garnished by the plaintiff. The corporation did not pay any money for the completely equipped premises. Rosenthal contends that the equipment was not transferred to the corporation and that title and the right to possession of the equipment still remains in him since he merely permits the corporation to use the fixtures for convenience.
There is no question that Rosenthal was insolvent at the time these transactions were effected. The statute invalidates the assignment or transfer of tangible property under certain circumstances which appear to exist as to the business transaction, which is attacked under the first three causes of action for failure to give notice to creditors, reduction of the debtor’s capital to render it insufficient to meet his obligations, and transfer with *226 intent to defraud creditors. But the difficulty with plaintiff’s motion as to the business transaction is that the papers fail to establish an assignment or transfer of the fixtures and other tangible business property of plaintiff. Therefore, issue is raised which precludes summary judgment on the first three causes of action.
The fourth cause of action with respect to defendants Irving and Norma Rosenthal: they concede by affidavit, and by their replies made to the notice to admit, that the transfer of Irving Rosenthal’s interest to his wife Norma in the real property held by them by the entirety was made by him without consideration while he was indebted to plaintiff. Since Rosenthal’s interest in the property was a valuable right and subject to a lien of judgment against him or to a sale under execution (Finnegan v. Humes, 252 App. Div. 385, affd. 277 N. Y. 682), the transfer made by him is presumed to have been made with intent to defraud his creditors. As defendants Irving and Norma Rosenthal submit no facts to refute this presumption, plaintiff is entitled to set aside the transfer of Irving Rosenthal’s interest in the realty to his wife, Norma.
Accordingly, the motion is granted to the extent of awarding plaintiff partial summary judgment on the fourth cause of action and it is otherwise denied.