■ JEAN MITTMAN, Appellant, v. MEYER S. MITTMAN, Respondent.— In an action for separation, plaintiff wife appeals (1) from a judgment of the Supreme Court, Kings County, dated March 4, 1968, which *inter alia* dismissed her complaint and granted defendant husband's counterclaim for a separation and (2) from an order of said court dated March 26, 1968, which denied her application, pursuant to section 244 of the Domestic Relations Law, to docket a money judgment against defendant, representing arrears in payments of temporary alimony and counsel fees. Order affirmed, without costs. Judgment modified, on the law and the facts, by (1) striking from the eight decretal paragraph the words "without prejudice with leave to the defendant to institute a plenary action for such relief and PENDING the determination of said action" and by substituting therefor the words "on the merits, and"; and (2) striking from the ninth decretal paragraph the words "denied in all respects" and by substituting therefor the words "granted to the extent that defendant is directed to pay plaintiff $100 for such fees, payable at the rate of $2.50 a week, commencing after defendant shall have completed making payment of the installments of $2.50 a week on the arrears as directed in the fourth decretal paragraph hereof." As so modified, judgment affirmed, without costs. It is within the sound discretion of the court to grant or deny leave to docket a money judgment representing arrears in support payments and counsel fees (Domestic Relations Law, § 244; *St. Germain* v. *St. Germain*, 25 A D 2d 568, 569). Under the circumstances here presented, the denial of plaintiff's application was not an abuse of discretion. Defendant's counterclaim for a declaration that he was the sole owner of the marital home of the parties, a two-family house, owned by them as tenants by the entirety, was based upon his allegations that he had furnished the entire consideration for its purchase and that he had taken title to it in the names of both himself and plaintiff in reliance on her oral promise to convey her interest in it to him upon his demand. The court below dismissed the counterclaim without prejudice to the institution of a plenary action to determine the issues for the stated reason that the testimony was in "conflict". Defendant, however, offered no evidence whatever to establish plaintiff's alleged oral promise. Moreover, it was undisputed that the sourse of the down payment was a joint bank account standing in the names of both plaintiff and defendant. The only conflict in the evidence was with respect to whether or not plaintiff had deposited any money of her own in the

account. Assuming *arguendo* that she contributed nothing to the bank account, there is nothing in the record to rebut the presumption that defendant intended to vest her with a joint interest in the account, which presumption arises from the form in which the account stood (Banking Law, § 675, subd. [a]; *Walsh* v. *Walsh*, 29 A D 2d 991). Furthermore, even if the realty was purchased exclusively with defendant's individual funds, his act of taking title to it in the names of both himself and plaintiff creates a tenancy by the entirety and gives rise to a presumption that a gift to plaintiff was intended (*Secrist* v. *Secrist*, 284 App. Div. 331, affd. 308 N. Y. 750; *Hosford* v. *Hosford*, 273 App. Div. 659; *Pisarek* v. *Pisarek*, 264 App. Div. 986; *Shapiro* v. *Shapiro*, 208 App. Div. 325; *Weigert* v. *Schlesinger*, 150 App. Div. 765, 768, affd. 210 N. Y. 573). Defendant offered no credible evidence to rebut this presumption, although he had ample opportunity to do so. Accordingly, the counterclaim should be dismissed on the merits. We are further of the opinion that it was an improvident exercise of discretion to deny plaintiff any counsel fees in connection with her defense against a prior appeal taken by defendant and that the sum allowed hereby is appropriate under all the circumstances. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.