Leonard L. Finz, J.
The sole and rather unique question on this ,motion to dismiss the complaint is whether a purchaser of •a contingent interest in :a one-family dwelling is liable for -any of the expenses incurred ,in maintaining the -said dwelling in which he does .not reside.
These -are the facts: Jn 1964 and for ,some years prior thereto, plaintiff, together with her husband Ezra Klenofsky was the owner of a one-family dwelling which they occupied jointly with their children. In the early part of the same year, plaintiff’s husband Ezra filed a petition in bankruptcy in the United States District Court for the Eastern District of New York. As ,an asset of Ezra’s bankrupt estate, his interest in the subject dwelling was sold by the trustee in bankruptcy to the defendant by way of a trustee in bankruptcy deed. The purchase price for the husband’s interest in said dwelling was $700. At the time ,of the conveyance, the equity in the subject dwelling approximated $15,000. The plaintiff continued to live in the said dwelling with her husband .and children, as they did before the proceedings in bankruptcy. At no time did the *9 defendant purchaser either live in, or receive any benefits from the premises in issue. Nor did the defendant assert a right to occupy ¡said premises, or press for the benefits by reason of the conveyance.
It is now the plaintiff’s contention that she has paid the sum of $6,263 on account of carrying charges and amortization ¡of the mortgage from June 4, 1964 to October 30 of 1968. It is plaintiff’s further claim that since “ the defendant became an owner in one-half of the subject premises, he is liable to the plaintiff for one-half of all of the carrying charges and amortization of the mortgage,” which is the subject of this action. Defendant maintains that since he has received neither income nor benefits from the property, he is not obliged to reimburse the plaintiff as alleged in the complaint.
The plaintiff and her husband, prior to the conveyance, held the ¡one-family dwelling as tenants by the entirety, each having an undivided interest with the right of .survivorship in each. If one spouse predeceased the other, the title would vest in the surviving spouse. Therefore, the result of the trustee in bankruptcy conveying the husband’s interest to the defendant was that the latter became a tenant in common with the spouse, so far .as the right to possession and the right to share in rents and profits are concerned, but the title is still deemed to be held by the entirety. (Finnegan v. Humes, 252 App. Div. 385, affd. 277 N. Y. 682; Hiles v. Fisher, 144 N. Y. 306.)
It was these rights, in addition to this right of survivorship in the husband, that the defendant purchaser acquired for the sum of $700, and not a one-half interest in the subject dwelling. The defendant was taking a risk that the interest he acquired would be extinguished if in fact the conveying husband predeceased the surviving wife. Conversely, he would become the sole fee owner in the event that the wife predeceased the surviving husband. The estate by entirety can only be terminated either by agreement, or by the decease of either the wife or the husband.
At no time (under the circumstances of the instant case) was, or is the defendant under an obligation to contribute toward •the expenses of the one-family home. The plaintiff wife, in continuing to pay the necessary expenses of the subject dwelling, thereby decreasing the debt under the mortgage, with its correlative increase in the cash equity of the house, did, and does so at her own peril, for if she predeceases her husband, the entire title together with all of the equity of the subject dwelling will now vest in the defendant.
*10 There appear to be no rents and profits flowing from the subject dwelling occupied by the plaintiff and her family, which obviates the necessity of judicial discussion on this raised issue. Nor can this court (reluctantly perhaps) indulge in the luxury of well-meaning but nonjurisdictional issues addressed to equitable relief. The plaintiff and her husband having the whole and beneficial u.se of the property to the exclusion of the defendant, the latter as a nominal co-tenant can hardly be called upon •to pay expenses in relation to the property.
It is therefore the judgment of this court that the plaintiff has no cause -of action against the defendant, and as such, the complaint must fail. This determination makes that portion of the moving papers which seek an amendment to the complaint academic. Accordingly, the complaint is dismissed.