LOIS Z. HOHENRATH, Formerly LOIS M. PELLETIER, Respondent, v. GILBERT WALLACH et al., Appellants, and JOSEPH F. MAHER, as Sheriff of the County of Nassau, Respondent.

Second Department, July 23, 1971.

*E. Cooke Rand* for appellants.

*Schwartz, Friedman, Schwartz & Kushner (Joseph N. Friedman* of counsel), for Lois Z. Hohenrath, respondent.

LATHAM, J. By deed dated August 9, 1949 the petitioner and her husband acquired the subject parcel as tenants by the entirety. On December 6, 1963, the appellants docketed a judgment in the sum of $21,038.30 theretofore recovered by them against the husband. Three days later the husband conveyed his interest in the parcel to the petitioner. On May 29, 1965, the petitioner and her husband were divorced. Execution against the parcel pursuant to CPLR 5103 was issued in January, 1970 and the Sheriff notified the parties of his intention

to sell the former husband's interest to satisfy the judgment. The petitioner instituted the instant proceeding to have the rights of the parties determined. The question presented is what interest will a purchaser at the Sheriff's sale acquire in the parcel.

The Special Term decreed, *inter alia,* that the lien of the judgment extended only to the former husband's interest as a tenant by the entirety and that the purchaser under the execution sale would become a tenant in common with the petitioner, the former wife, albeit subject to her right of survivorship. The court opined as follows: (1) the effect of the transfer to the petitioner by her then husband was to vest in her the entire fee subject to the lien of the judgment docketed prior to the transfer; (2) the estate by the entirety was subject to execution; (3) the lien of the judgment extended to the former husband's interest as a tenant by the entirety and could not be cut off by the transfer, since the petitioner was not a bona fide purchaser, because of the prior docketing; (4) the executing judgment creditors became tenants in common with the petitioner, subject to her right of survivorship; and (5) the purchaser at the Sheriff's sale would succeed to such interest of the judgment creditors.

I disagree with the Special Term's ultimate conclusion that the subject parcel is now burdened with a right of survivorship. While it correctly disregarded the transfer in 1963 by the husband-judgment-debtor to the petitioner-wife and properly considered it void as to the judgment creditors (Debtor and Creditor Law, §§ 273-a, 278, subd. 1, par. b), it did not take into consideration that, since the marriage had been dissolved by divorce, the right of survivorship had ceased and neither former spouse could thereafter derive any interest in real property by virtue of their former marital status (*Stelz* v. *Shreck,* 128 N. Y. 263; *Plancher* v. *Plancher,* 35 A. D 2d 417).

Had the judgment debtor not conveyed his interest in the subject parcel to the petitioner in 1963, the 1965 divorce would have destroyed their estate by the entirety and made them tenants in common. A levy thereafter by the judgment creditors would have placed a purchaser at a Sheriff's sale in the judgment debtor's shoes, to wit, a tenant in common with the former wife, with no right of survivorship in either of them (cf. *Dempsey* v. *Oliver,* 93 Ariz. 238). It follows that the petitioner, a grantee with notice of the docketed judgment, could not, after execution, enjoy a right of survivorship founded on a marriage that was dissolved by a divorce; furthermore, she should be estopped from asserting such a claim of right.

Accordingly, as to the judgment creditors, the 1963 conveyance to the petitioner was void and the petitioner and her husband continued as tenants by the entirety until the divorce decree. Thereafter, the judgment creditors were entitled to execute against the former husband as a tenant in common, with no right of survivorship (cf. *Zeigler* v. *Bonnell,* 52 Cal. App. 2d 217). The law is settled that the lien of a filed judgment attaches to an after-acquired interest in property of a judgment debtor (*Hulbert* v. *Hulbert,* 216 N. Y. 430; CPLR 5201, subd. [b]; 5203 subd. [a]).

The judgment appealed from should be reversed, on the law, with costs, and judgment should be granted adjudging that the interest of the judgment debtor in the subject parcel is as a tenant in common with the petitioner and that the purchaser under the execution sale of the judgment debtor's interest shall become a tenant in common with the petitioner, without a right of survivorship in either of them.

RABIN, P. J., HOPKINS, MUNDER and SHAPIRO, JJ., concur.

Judgment reversed, on the law, with costs, and judgment granted adjudging that the interest of the judgment debtor in the subject parcel is as a tenant in common with the petitioner and that the purchaser under the execution sale of the judgment debtor's interest shall become a tenant in common with the petitioner, without a right of survivorship in either of them.