OPINION OF THE COURT
Memorandum.
The order should be affirmed.
Balancing the financial circumstances of the parties, their age, health, station in life and preseparation standard of living, it is evident that the upward modification of the award of permanent alimony by the Appellate Division was justified (see Hickland v Hickland, 39 NY2d 1; Kay v Kay, 37 NY2d 632; Kover v Kover, 29 NY2d 408). It is not disputed that, among other considerations, the wife has neither capital assets, income, nor any employable skills. She also suffers from a long-standing emotional problem requiring constant medical attention. On the other hand, the husband’s net worth is substantial and his annual income in the years immediately preceding the trial ranged from $187,000 to $90,817. The parties had been married for 26 years and enjoyed an affluent life style.
Due to the impossibility of making a permanent alimony award because the wife was then about to undergo hospitalization, the original judgment provided that either party could move to amend the support provisions subsequent to the completion of her convalescence. As stated by the Trial Judge, “It was understood that the anticipated motion for amendment would be determined upon the financial evidence as adduced at the trial and as it might be updated.” That procedural path was in fact followed without objection and was characterized by the husband as having afforded him an opportunity to present “voluminous and detailed financial *999 data * * * prior to the decision [on the motion to amend] being rendered”. Certainly, under these circumstances, a second oral hearing was not required.
Finally, in light of the subsequent appellate litigation, the increase in counsel fees awarded was not an abuse of discretion (Mittman v Mittman, 30 AD2d 867, 868, affd 24 NY2d 826; Match v Match, 242 App Div 782; Foster & Fried, Law and the Family, § 24:9, p 160).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.