In re Venketachalam PARAMESWAR-
AN, a/k/a Ven Parameswaran,
Debtor.

Miriam TEITELBAUM, Trustee of the Es-
tate of Venketachalam Parameswaran
d/b/a Ven Parameswaran, Plaintiff,

v.

Venketachalam PARAMESWARAN,
a/k/a Ven Parameswaran and
Priscilla Parameswaran, Defendants.

Bankruptcy No. 84 B 20461.
85 Adv. 6038.

United States District Court,
S.D. New York.

July 9, 1985.

Jules Teitelbaum, P.C., New York City, for trustee.

Neil D. Thompson, New York City, for defendants.

## DECISION ON COMPLAINT SEEKING TO SET ASIDE A FRAUDULENT TRANSFER AND TO DENY THE DEBTOR'S DISCHARGE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of the above-named Chapter 7 debtor, Venketachalam Parameswaran, seeks to set aside transfers by the debtor to his wife of his interest as a tenant by the entirety in their residence in Scarsdale, New York, and his ownership of a Volkswagon Rabbit, as fraudulent conveyances under 11 U.S.C. § 548. The trustee also moves to deny the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) because the transfers were made within one year before the date of the filing of the Chapter 7 petition and allegedly effected with actual intent to hinder, delay or defraud creditors. The debtor denies the charges and asserts that he transferred his joint interest in the residence to his wife, who assumed the mortgage, in order to enable him to try to deal with his other creditors. The debtor also claims that his wife paid most of the purchase price for the automobile and he did not own the vehicle.

## FINDINGS OF FACT

1. The debtor filed with this court his petition for relief under Chapter 7 of the Bankruptcy Code on November 13, 1984. The defendant, Priscilla Parameswaran, is the debtor's wife.

2. On or about December 6, 1977, the debtor and his wife, Priscilla Parameswaran, acquired, as tenants by the entirety, certain real property for their residence in Scarsdale, New York.

3. On August 16, 1984, within three months before the date of the filing of his Chapter 7 petition, the debtor conveyed his interest in their residence to his wife, Priscilla, who did not pay any additional consideration for the transfer except for a token $10.00. She had previously agreed with the debtor to assume the existing mortgage on the property, which was then approximately $90,000.00. The property was worth approximately $300,000.00 when the debtor transferred his interest to his wife.

4. The debtor's financial difficulties began when he lost his job as a commodities broker several years ago. He is presently fifty-five years old and is unemployed. His wife, who is forty-seven years old, works for IBM as a financial analyst with an income of approximately $34,000 per year. During the previous two years she paid the family obligations, including the mortgage installments, taxes and upkeep of the house, which totalled approximately $71,704.

5. The purchase price of the residence in question was $120,000. The original down payment of $24,000 was paid by the debtor's wife, who also paid approximately $30,000 in mortgage installments prior to the date of the debtor's Chapter 7 petition. The title to the real estate was taken jointly by the debtor and his wife because they were required to apply jointly for the mortgage securing the purchase price.

6. As an employee of IBM, the debtor's wife was entitled to participate in the IBM employee's stock purchase plan. Accordingly, she was able to accumulate 256 shares of the common stock of IBM. The debtor's wife has since sold all of her shares in order to satisfy their household obligations. Although the debtor and his wife have exhausted all of their savings, they did not attempt to obtain additional financing through a second mortgage on their home because they say that the debt-

or's wife's income is insufficient to meet the monthly carrying charges of a second mortgage.

7. The debtor and his wife have one child, a boy of sixteen and one-half years old for whom they said they moved out of New York City in order to provide him with suitable surroundings for his well-being and education. At this point they do not have any funds to finance his college education.

8. The 1980 Volkswagon Rabbit was purchased for the debtor's wife. Additionally, the debtor owned a 1982 Toyota. The Ford Motor Company held a lien on the Volkswagon Rabbit as security for the payments. The debtor's wife made most of the payments, totalling about $5000. When she made the last payment of $1908, the title to the Volkswagon Rabbit was transferred to the debtor. In September of 1984, the debtor caused the title to the Volkswagon Rabbit to be registered in his wife's name because, as he testified, he was going through a crisis and did not want an artificial title in his name. He filed his Chapter 7 petition two months later, on November 13, 1984.

9. The debtor's conveyance to his wife of his interest in their Scarsdale residence, which was previously owned by them as tenants by the entirety, was made within one year before the date of the filing of his Chapter 7 petition at a time when he was unable to pay his creditors. After the transfer he was utterly insolvent. Although the debtor's wife agreed to undertake the mortgage payments with respect to the house, there was no proof that any novation occurred so as to relieve the debtor of his existing personal liability under the mortgage. The debtor's wife's undertaking to assume the mortgage payments was necessary if the debtor and his family were to remain in possession of the property free of any threatened foreclosure by the mortgagee. The net effect of the debtor's conveyance to his wife was to strip himself of any property rights in the family residence which might be available to his creditors at a time when the debtor was

experiencing economic pressure from such creditors. That the debtor's right of survivorship was not as valuable to his creditors as might appear in view of the fact that he is seven and one-half years older than his wife, does not detract from the fact that the debtor transferred all of his interest in the real estate to his wife for virtually no consideration at a time when he was subjected to economic pressures from his creditors.

10. The debtor's transfer of his interest in the family residence to his wife within 90 days of the filing of the Chapter 7 petition constitutes extrinsic evidence that the debtor deliberately wanted to remove any property from his estate which might be reached by his creditors at a time when he was insolvent and experiencing an economic crisis.

11. The debtor's transfer to his wife of his interest in their family residence and the registration of the title to the 1980 Volkswagon Rabbit in his wife's name, both of which occurred within 90 days of the filing of his Chapter 7 petition, formed the basis for the trustee's additional request to set aside the transfers as voidable preferences under 11 U.S.C. § 547(b). This cause of action was dismissed from the bench because there was no proof that the debtor's wife was a creditor or that there existed any antecedent debt owed by the debtor to his wife, as required under 11 U.S.C. § 547(b)(1) and (2). Similarly, the trustee's fraudulent conveyance cause of action, based upon the transfer of the 1980 Volkswagon Rabbit to the debtor's wife, was dismissed from the bench because there was no proof that title to the car was ever held by the debtor.

## DISCUSSION

■ The debtor asserts that his wife paid most of the consideration and mortgage charges for their Scarsdale, New York family residence. Presumably the debtor contributed some amounts towards the acquisition of this home. Nevertheless, title to the real estate was taken in joint names by the debtor and his wife as ten-

ants by the entirety. A spouse who purchases property and takes title in the names of both spouses jointly is presumed to have made a gift to the other spouse of one-half the interest in the property. *Ratkovitch v. Ratkovitch,* 49 A.D.2d 890, 373 N.Y.S.2d 226 (2nd Dep't 1975); *Mittman v. Mittman,* 30 A.D.2d 867, 293 N.Y.S.2d 10 (2nd Dep't 1968), *aff'd,* 24 N.Y.2d 826, 300 N.Y.2d 842, 248 N.E.2d 593 (1969); *Secrist v. Secrist,* 284 A.D. 331, 132 N.Y.S.2d 412 (4th Dep't 1954), *aff'd,* 308 N.Y. 750, 125 N.E.2d 107 (1955). The presumption that a gift is intended also arises as to payments that are made by one spouse for the upkeep of the property. *Sirianni v. Sirianni,* 14 A.D.2d 432, 437, 221 N.Y.S.2d 693, 698 (2nd Dep't 1961); *College Point Savings Bank v. Tomlinson,* 42 Misc.2d 1061, 1063, 249 N.Y.S.2d 938, 941 (Sup.Ct.1964). Thus, even if the debtor contributed no funds towards the purchase price and maintenance of the home, he had a property interest to the extent of his right of survivorship as a tenant by the entirety.

 The debtor maintains that his transfer of his tenancy by the entirety to his wife did not deprive his creditors of any assets because, being seven and one-half years older than his wife, his survivorship interest had little or nominal value. *See Greene v. Levenhar (In re Levenhar ),* 30 B.R. 976, 981 (Bkrtcy.E.D.N.Y.1983); *see also In re Weiss,* 4 B.R. 327, 331 (Bkrtcy.S.D.N.Y.1980) (distribution under § 363(h) and (j) is to be made "according to the interests of" the debtor's spouse). The interest of a tenant by the entirety in New York is subject to the lien of judgment and may be sold under execution. However, the purchaser at such sale becomes a tenant in common with the debtor's spouse and is subject to the spouse's right of survivorship. *Hiles v. Fisher,* 144 N.Y. 306, 315, 39 N.E. 337, 339 (1895); *Kolb v. Anisis,* 104 A.D.2d 399, 400, 478 N.Y.S.2d 720, 721 (2nd Dep't 1984); *Finnegan v. Humes,* 252 A.D. 385, 387, 299 N.Y.S. 501, 503 (4th Dep't 1937), *aff'd,* 277 N.Y. 682, 14 N.E.2d 389 (1938) (mem.); *Klenofsky v. Allen,* 59 Misc.2d 8, 9, 297 N.Y.S.2d 698, 700 (N.Y. Civ.Ct.), *aff'd* 60 Misc.2d 816, 304 N.Y.S.2d 139 (2nd Dep't 1969) (mem.); *Berlin v. Herbert,* 48 Misc.2d 393, 395, 265 N.Y.S.2d 25, 28 (Nassau Co. Dist.Ct.1965). A trustee in bankruptcy might have difficulty in selling the interest of both the debtor and the other non-debtor spouse in the real estate pursuant to 11 U.S.C. § 363(h) if it is determined that the sale free of the other spouse's interest would not outweigh the detriment to such spouse. *Greene v. Levenhar (In re Levenhar ),* 30 B.R. at 981. Hence, the debtor argues that the limited value of his right of survivorship could have been excluded from his estate by the $10,000 New York homestead exemption, so that his creditors lost nothing, thereby rebutting the presumption that he intended to hinder, delay or defraud his creditors. An acceptance of this position would mean that a debtor who is older than the other spouse has an absolute right to transfer a tenancy by the entirety in a family residence to the other spouse on the eve of bankruptcy because such interests usually have little value.

The debtor's position was rejected by the Second Circuit in *Rothschild v. Lincoln Rochester Trust Co.,* 212 F.2d 584 (2d Cir. 1954). In that case, as in the instant case, the debtor husband did not provide the funds for the purchase of the family residence. Title was taken in the name of the debtor and his wife so that a G.I. mortgage loan could be obtained. Within one year before the debtor filed his bankruptcy petition he and his wife joined in conveying the property to his wife alone. The evidence revealed that the debtor conveyed his interest as a tenant by the entirety because of his wife's threat to leave him and his desire to keep the family together. The debtor's discharge was denied for having transferred property to his wife within twelve months of bankruptcy "with intent to hinder, delay, or defraud his creditors." The court did not go into the issue as to the value of an interest by the entirety nor did the court treat the nominal value of such an interest as rebutting the presumption that the debtor actually intended to hinder, delay or defraud his creditors when he

transferred his interest to his wife for no consideration. In a per curiam opinion, the Second Circuit noted the intention of the debtor and his wife to save their joint home from his creditors, and said:

> Husband and wife had an estate by the entirety under New York law, with the husband's interest liable to be taken on execution (subject to her right of survivorship) and hence passing to the trustee in bankruptcy. *Hiles v. Fisher*, 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305; *Finnegan v. Humes*, 252 App.Div. 385, 299 N.Y.S. 501, *affirmed* 277 N.Y. 682, 14 N.E.2d 389; *A.L. Bazzini Co. v. Cappelini*, 282 App.Div. 705, 122 N.Y.S.2d 115; Bankruptcy Act § 70, sub. a(5), 11 U.S.C. § 110, sub. a(5); 4 Collier on Bankruptcy 1039 (14th Ed.1942). A conveyance while insolvent, without anything approaching a fair consideration to creditors, see Bankruptcy Act § 67, sub. d(2)(a), 11 U.S.C. § 107, sub. d(2)(a), is presumptively fraudulent within the discharge provisions of the Act. *In re Woods*, 2 Cir., 71 F.2d 270, *certiorari denied Woods v. Regain, Inc.*, 293 U.S. 601, 55 S.Ct. 117, 79 L.Ed. 693; *In re Julius Bros.*, 2 Cir., 217 Fed. 3, 7, L.R.A. 1915C, 89; 1 Collier on Bankruptcy 1382 (14th Ed.1940). Unfortunately there is nothing here to show the contrary; he acted on the compulsion engendered by the wife's fear of losing their joint home to his creditors.

*Id.* at 585.

Similarly, in *Baltic Linen Co., Inc. v. Rubin (In re Rubin)*, 12 B.R. 436 (Bkrtcy.S.D.N.Y.1981), the debtor transferred his interest, as tenant by the entirety, in his marital residence to his wife within one year of the date of filing his individual Chapter 7 petition for $2,000 previously advanced by his wife together with her promise to provide future support for the family and payment of his podiatry school expenses. Recognizing that constructive fraud may not be the basis for the denial of a discharge, *In re Adlman*, 541 F.2d 999, 1003 (2d Cir.1976), Judge Berk found that the facts gave rise to a presumption of actual fraud, stating:

> While "actual intent" to hinder, delay, or defraud is not always easy to define or prove, an inference of actual intent may be drawn from convincing evidence of extrinsic fraud. Further, where valuable property has been gratuitously transferred, or transferred for inadequate consideration, a presumption arises that such transfer was accompanied by the actual fraudulent intent necessary to bar a discharge.

12 B.R. at 441 (footnote omitted). Extrinsic evidence, or badges of actual fraud in the *Rubin* case, included an absence of fair consideration to support the transfer, the insolvency of the debtor at the time of the transfer, the transfer to a family member, and the continued use and enjoyment of the residence by the debtor after the transfer. Judge Berk concluded that these inferences of fraud precluded any conclusion other than one of actual intent to defraud. 12 B.R. at 442. These same factors exist in the instant case. The transfer of his interest in the family residence reflects an effort by the debtor to put property beyond the reach of his creditors. Such conduct, regardless of the value of the property, may not be tolerated by the courts. *In Feynman v. Rosenthal (In re Feynman)*, 77 F.2d 320 (2d Cir.1935) Judge Learned Hand said:

> But once the fraud be proved, it makes no difference that the creditors are not seriously injured, or that after bankruptcy the bankrupt might reclaim the property for a trifle. Courts will not measure the dishonesty of a bankrupt, once that be shown; a discharge is a privilege granted only to such as do not practise on their creditors in any way. *The law forbids all efforts to put property beyond the reach of creditors, no matter what its value;* so long as courts are tolerant of such conduct, men will engage in it and the purposes of the bankruptcy act will be balked.

77 F.2d at 322 (citations omitted) (emphasis added).

Having determined that the debtor's transfer of his interest in the Scarsdale

property owned by the entirety to his wife was made with actual intent to hinder, delay or defraud his creditors, it follows that such conveyance may be set aside by the debtor's trustee in bankruptcy pursuant to 11 U.S.C. § 548(a)(1) and the debtor's discharge must be denied under 11 U.S.C. § 727(a)(2)(A). However, the trustee also argues that the fraudulent conveyance terminated the tenancy by the entirety between the debtor and his wife and converted the ownership of the real property to that of tenancy in common. Thus, the trustee seeks to strip the debtor's wife of her right of survivorship.

▮ Generally, a fraudulent conveyance from one spouse to the other does not destroy the transferee spouse's interest as a tenant by the entirety under New York law. *Orbach v. Pappa*, 482 F.Supp. 117, 120–21 (S.D.N.Y.1979); *Gross v. Russo (In re Russo)*, 1 B.R. 369, 386 (Bkrtcy.E.D.N.Y.); *Hohenrath v. Wallach*, 37 A.D.2d 248, 250, 323 N.Y.S.2d 560, 562 (2nd Dep't 1971), *appeal dismissed*, 30 N.Y.2d 674, 332 N.Y.S.2d 106, 282 N.E.2d 891 (1972); *Capizzi v. Khoury*, 168 Misc. 490, 492, 5 N.Y.S.2d 201, 203 (2nd Dep't 1938) (per curiam). In certain rare instances, however, based on equity principles, some courts have eliminated a wrongdoer's right of survivorship in a tenancy by the entirety. *Clarkson Company Ltd. v. Shaheen*, 533 F.Supp. 905, 924 (S.D.N.Y.1982) (transferee spouse gave perjured testimony as to consideration in furtherance of the fraud); *Van Alstyne v. Tuffy*, 103 Misc. 455, 459, 169 N.Y.S. 173, 175 (Sup.Ct.1918) (one spouse murdered the other). Although the debtor's wife signed the deed and consented to the transfer of his interest as a tenant by the entirety, she did so in the mistaken belief that her assumption of the mortgage supported the debtor's transfer of his interest to her. Moreover, she participated in the conveyance on the misguided advice of counsel that their financial condition would be improved as a result of the debtor's transfer of his interest to her. These facts do not invoke the harsh penalty of destroying the debtor's wife's right of survivorship.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 157(b)(2)(H) and (J).

2. The debtor's conveyance to his wife of his interest in their Scarsdale, New York residence, which was previously owned by them as tenants by the entirety, was made within one year before the date of the filing of his Chapter 7 petition and with actual intent to hinder, delay or defraud his creditors, as proscribed under 11 U.S.C. § 548(a)(1). Accordingly, such transfer shall be set aside as requested in the bankruptcy trustee's complaint and the debtor's wife is directed to reconvey the Scarsdale residence to the debtor and his wife as tenants by the entirety.

3. The trustee in bankruptcy has sustained her burden of proof under Bankruptcy Rule 4005 in objecting to the debtor's discharge by reason of the debtor's fraudulent transfer of his interest as a tenant by the entirety to his wife in violation of 11 U.S.C. § 727(a)(2).

4. The debtor's fraudulent conveyance of his interest as a tenant by the entirety to his wife did not convert their interest in their family residence into a tenancy in common so as to destroy the wife's right of survivorship.

SETTLE ORDER on notice in accordance with the foregoing findings and conclusions.