**Joseph E. COHEN, Trustee, Plaintiff–Appellee,**

v.

**Joseph BUCCI, Debtor, Defendant–Appellant.**

**No. 89 C 3610.**
**Bankruptcy No. 85 B 14214.**
**Adv. No. 86 A 1029.**

United States District Court, N.D. Illinois, E.D.

Aug. 11, 1989.

Gary E. Dienstag, Springer, Casey, Dienstag & Devitt, P.C., Chicago, Ill., for plaintiff-appellee.

Joel A. Brodsky, Brodsky and Hohxa, Chicago, Ill., for defendant-appellant.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Debtor-appellant Joseph Bucci ("Bucci") appeals from a judgment of the United

---

States Bankruptcy Court for the Northern District of Illinois, 97 B.R. 954, denying him a discharge under Section 727(a)(2)(A) of the Bankruptcy Code. 11 U.S.C. § 727(a)(2)(A). The court has jurisdiction over this appeal under 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a). Fed.R. Bankr.P. 8001(a).

## BACKGROUND

The relevant facts are not in dispute. On October 22, 1985, Bucci filed a petition for bankruptcy under Chapter Seven of the Bankruptcy Code. 11 U.S.C. § 701 *et seq.* Bucci's petition listed unsecured debts of $620,193.24 and secured debts of $257,086.72. Cohen Ex. 4. The petition did not list any non-exempt assets. *Id.* The trustee in Bucci's bankruptcy and the plaintiff-appellee in this action, Joseph Cohen ("Cohen"), promptly filed an adversary action to set aside and avoid pre-bankruptcy transfers of property under 11 U.S.C. § 548(a)(1) and (2). Cohen alleged that Bucci illegally conveyed property to his son and ex-wife pursuant to a divorce decree entered in the Circuit Court of DuPage County, Illinois. Cohen Ex. 2. That property consisted of the following: (1) one-half interest in residential property located in Addison, Illinois; (2) an interest as the sole contract purchaser of the County–Aire Motel in Addison, Illinois, including personal property located in the motel; (3) one-half interest in real property located in Chicago, Illinois; and (4) a 1979 Cadillac automobile. Cohen Ex. 1.

Bucci, represented by counsel, contested the allegations. Cohen Ex. 3. The bankruptcy court found that Bucci engaged in a fraudulent conveyance of property within one year prior to the filing of his bankruptcy petition with the actual intent to hinder, delay or defraud his creditors. Cohen Ex. B. The court found that Bucci violated Section 548(a)(1) and authorized Cohen to reclaim the property. *Id.* Bucci did not appeal.

After prevailing on his Section 548 claim, Cohen filed a separate action, No. 86 A 1029, to deny Bucci's discharge from bankruptcy. The adversary complaint alleged four grounds for denying the discharge, including a claim under Section 727(a)(2)(A) that Bucci transferred his property with the actual intent to hinder, delay or defraud his creditors. Cohen Brief Ex. A at 1–2. The bankruptcy court found that Bucci illegally conveyed his property in violation of Section 727(a)(2)(A) and denied the discharge. The court based its decision in part on collateral estoppel grounds, holding that its prior order in the Section 548 proceeding precluded Bucci from relitigating the issue of fraudulent intent in the Section 727 proceeding. Bucci appeals the decision. He contends that the bankruptcy court erred in applying the doctrine of collateral estoppel.

## DISCUSSION

This court's authority to review a decision of the bankruptcy court is governed by Bankruptcy Rule 8013. Fed.R.Bankr.P. 8013. *Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029, 1030–1 (7th Cir.1984). Rule 8013 provides district courts with the power to affirm, reverse or modify a bankruptcy order, or to remand for further proceedings. *Id.* The bankruptcy court's findings of fact are accepted as true unless they are clearly erroneous. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986); *In re Pearson Bros.,* 787 F.2d 1157, 1161 (7th Cir.1986). Where the issues on appeal involve questions of law or the legal significance accorded to facts, this court is authorized to conduct a *de novo* review of the record and reach an independent conclusion. *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d at 89; *In re Kimzey,* 761 F.2d 421, 423 (7th Cir.1985); *Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984); *Matter of Supreme Plastics, Inc.,* 8 B.R. 730, 734 (N.D.Ill. 1980).

This case involves two closely related sections of the bankruptcy code often invoked by trustees when it is apparent a debtor engaged in pre-bankruptcy transfers of property. Section 548(a)(1) permits

the trustee to avoid any transfer of property or obligation incurred by the debtor within one year of the bankruptcy petition if the debtor

(1) made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted....

11 U.S.C. § 548(a)(1). Section 727(a)(2)(A) parallels Section 548. It provides for the bankruptcy court to grant the debtor a discharge from bankruptcy unless

(2) the debtor, with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor within one year before the date of the filing of the petition....

11 U.S.C. § 727(a)(2)(A). The gravamen of both Section 548(a)(1) and Section 727(a)(2)(A) is "intent to hinder, delay or defraud." 11 U.S.C. §§ 548(a)(1), 727(a)(2)(A). The bankruptcy judge applied the doctrine of collateral estoppel to preclude Bucci from relitigating the issue of fraudulent intent. Cohen Brief Ex. A. The court reasoned that because Bucci transferred property with the intent to hinder, delay or defraud his creditors in violation of Section 548(a)(1), he acted with the intent required by Section 727(a)(2)(A). *Id.* at 5–13.

There is no dispute that collateral estoppel applies in bankruptcy discharge proceedings. *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); *Combs v. Richardson,* 838 F.2d 112, 115 (4th Cir.1988); *Klingman v. Levinson,* 831 F.2d 1292, 1294–96 (7th Cir.1987). For collateral estoppel to apply, four requirements must be met: (1) the party against whom estoppel is asserted must have been a party to the prior adjudication and actively participated in the litigation; (2) the issue that forms the basis

for estoppel must have been actually litigated and determined on the merits; (3) the determination of the particular issue must have been necessary or essential to the court's judgment; and (4) the issue to be precluded is identical to the issue in the former action. *Klingman,* 831 F.2d 1292, 1295 (7th Cir.1987); *Gilldorn Savings Ass'n v. Commerce Savings Ass'n,* 804 F.2d 390, 392 (7th Cir.1986); *Garza v. Henderson,* 779 F.2d 390, 393 (7th Cir. 1985). The purpose of collateral estoppel is to prevent duplicative litigation. *Gilldorn Savings Ass'n,* 804 F.2d at 392, citing *Bowen v. United States,* 570 F.2d 1311, 1322 (7th Cir.1978). The party asserting estoppel has the burden of establishing which factual or legal issues were actually litigated and determined in a prior action. *Gilldorn Savings Ass'n,* 804 F.2d at 393; *Frye v. United Steelworkers of America,* 767 F.2d 1216, 1220 (7th Cir.1985).

■ The bankruptcy judge properly applied the doctrine of collateral estoppel to Bucci's case. First, the adversaries in both proceedings are the same. In each case, Cohen sued Bucci. Cohen Brief Ex. A and B. In each proceeding, Bucci was represented by counsel and actively participated in the litigation. *Id.*

The second element of collateral estoppel is also present. The bankruptcy judge properly found that the issue of fraudulent intent was actively litigated and determined on the merits in the Section 548 proceeding. Cohen Ex. A at 9–10. The court in the Section 548 proceeding uncovered several badges of fraud, including (1) Bucci's failure to disclose during his divorce proceedings that he was a party-defendant in several lawsuits; (2) the lack or inadequacy of consideration underlying the transfers; (3) a familial relationship among the parties to the transfer; (4) Bucci's retention of possession, benefit and use of the transferred property; and (5) the general chronology of events. Cohen Brief Ex. B at 18–24. The findings of fact entered by the bankruptcy court are thorough, uncontroverted and unquestionably probative of fraudulent intent. The issue of Bucci's intent was actively litigated and

determined on the merits in the Section 548(a)(1) litigation. *See* Cohen Ex. A at 9–10.

The finding of fraudulent intent was necessary and essential to the bankruptcy court's judgment. Actual intent is an element of the trustee's cause of action under Section 548(a)(1). *In re Parameswaran,* 50 B.R. 780, 785 (S.D.N.Y.1985); *In re Garcia,* 88 B.R. 695, 700 n. 11 (Bankr. E.D.Pa. 1988) citing *Phillips v. Wier,* 328 F.2d 368, 371 (5th Cir.1964) and *Springmann v. Gary State Bank,* 124 F.2d 678, 681 (7th Cir.1941). Without a finding of fraudulent intent supported by clear and convincing evidence, the bankruptcy court could not have entered its judgment. *Id.*

And finally, the bankruptcy court properly found that the issue of intent under Section 727(a)(2)(A) is identical to the issue of intent under Section 548(a)(1). The statutory sections are identically worded; each requires proof of intent to hinder, delay or defraud. Significantly, courts faced with issue preclusion in the context of a bankruptcy discharge proceeding and a divorce decree have uniformly concluded that a finding of fraudulent intent in a prior Section 548(a)(1) action is controlling for purposes of Section 727(a)(2)(A):

> Having determined that the debtor's transfer of his interest in the property owned by the entirety to his wife was made with actual intent to hinder, delay or defraud his creditors, it follows that such conveyance may be set aside by the debtor's trustee in bankruptcy pursuant to 11 U.S.C. § 548(a)(1) and the debtor's discharge *must* be denied under 11 U.S.C. § 727(a)(2)(A).

*In re Parameswaran,* 50 B.R. at 784–85 (emphasis added). *See also In re Clausen,* 44 B.R. 41, 43–44 (Bankr.D.Minn.1984); *In re Matter of Loeber,* 12 B.R. 669, 675 (Bankr.D.N.J.1981).

Bucci raises several arguments in opposition to the application of collateral estoppel to this case. None are persuasive. First, Bucci argues that there can be no identity of issues between Section 548(a)(1) and Section 727(a)(2)(A) because these sections require different burdens of proof. A shift

in the burdens of proof or persuasion is sufficient to defeat issue preclusion. *Frye,* 767 F.2d at 1221; *Guenther v. Holmgreen,* 738 F.2d 879, 888 (7th Cir.1984). However, the burden of proof in Sections 548(a)(1) and 727(a)(2)(A) are identical. *In re Parameswaran,* 50 B.R. at 784–85; *In re Matter of Loeber,* 12 B.R. at 675. Both sections require clear and convincing evidence of intent. *Id.; see also In re Garcia,* 88 B.R. at 700 n. 11.

Alternatively, Bucci argues that he did not have a full and fair opportunity to actually litigate the issue of fraudulent intent in the Section 548 proceeding. This argument is based on Bucci's contention that the Section 548 proceeding involved a dispute between his ex-wife in her capacity as a judgment creditor, and Cohen acting as trustee on behalf of all other creditors. Bucci maintains that he was not a necessary party to this dispute and he had no incentive to litigate the fraudulent intent issue because the court had to award the property either to his ex-wife or to Cohen, but not to him.

This argument is without merit. Cohen's adversary complaint in the Section 548 proceeding named Bucci as a party-defendant. Because Bucci was an adversary party, his argument that he lacked incentive to litigate the intent issue is entitled to little weight. *Klingman,* 831 F.2d at 1296; *Otherson v. Dep't of Justice,* 711 F.2d 267, 277 (D.C.Cir.1983). Bucci's incentive to litigate the intent issue in the Section 548 proceeding is established in the first instance by the reasonable foreseeability of the preclusive effect of the litigation. *Klingman,* 831 F.2d at 1296. Aside from this reason, Bucci had tangible economic incentives to litigate the intent issue and prevail in the Section 548 litigation. For example, Bucci justified the transfer of property to his ex-wife and son as part of his obligation to provide support under the divorce decree. Bucci Ex. 2 at 5. Loss of the Section 548 proceeding meant that Bucci might be vulnerable to new support claims by his ex-wife and son. Even assuming that Bucci had no further obligations under the divorce decree, he still

stood to lose from an adverse ruling in the bankruptcy court. This is because Bucci continued to receive income from the property at issue in the Section 548 proceeding even though he no longer held title. Cohen motion for summary judgment App. A at 12–13. Consequently, loss of these properties to the trustee meant loss of income.

Next, Bucci contends that a finding that he transferred property with the intent to hinder, delay or defraud his creditors was not necessary to the court's judgment. Bucci contends that the bankruptcy court made its Section 548(a)(1) finding only after first concluding that he violated Section 548(a)(2). Essentially, Bucci argues that alternative reasons for a judgment are not necessary and essential for purposes of collateral estoppel. There is no merit to this argument. All alternative, independent grounds upon which a court may base its decision qualify as "necessary" to the court's judgment. *Winters v. Lavine,* 574 F.2d 46, 66–69 (2d Cir.1978); *Williams v. Ward,* 556 F.2d 1143, 1154 (2d Cir.1977); *General Dynamics Corp. v. AT & T,* 650 F.Supp. 1274, 1285 (N.D. Ill.1986). An exception to this rule occurs when a court's judgment order could be based upon one of several alternative grounds that are not expressly relied upon or enumerated in the court's opinion. *Gilldorn,* 804 F.2d at 395; *Frye,* 767 F.2d at 1220. This exception is not applicable to this case because the bankruptcy court's opinion in the Section 548 proceeding expressly sets forth all available grounds for avoiding the transfer. *Id.*

■ Alternatively, Bucci argues that even assuming the necessity of intent to the court's judgment, collateral estoppel is not appropriate because the bankruptcy court never entered a final judgment order. Bucci claims that the bankruptcy judge's Section 548 order never became final because his ex-wife appealed the judgment. This argument is unavailing. The pendency of an appeal does not suspend the finality of a judgment for purposes of collateral estoppel. *Webb v. Voirol,* 773 F.2d 208, 211 (8th Cir.1985); *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1497–98 (D.C.Cir.1983);

*Kurek v. Pleasure Driveway & Park District,* 557 F.2d 580, 595 (7th Cir.1977), *vacated and remanded on other grounds,* 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 (1978). Although a final judgment order is essential before a claim or cause of action has preclusive effect, the need for a final judgment is not as compelling when deciding whether to preclude relitigation of an issue in a later action between the same parties on a different claim. *Gilldorn Savings Ass'n,* 804 F.2d at 393–94; *Miller Brewing Co. v. Jos. Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir.1979), *cert. denied,* 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980); *Dunlap v. City of Chicago,* 435 F.Supp. 1295, 1299 (N.D.Ill.1977). Finality for purposes of issue preclusion requires only that the court's determination not be avowedly tentative. *Id.* A final judgment in the case as a whole is not necessary. *Id.* All that is required is that the court reach a definitive resolution of the issue. *Id.*

The bankruptcy judge in the Section 548 proceeding unquestionably reached a definitive resolution of the fraudulent intent issue. Both parties submitted briefs and had an opportunity to be heard. The bankruptcy judge considered all the relevant evidence. Under the circumstances, he made a reasoned decision on the issue of intent. *Id.* There being no unresolved evidentiary matters, his decision is conclusive for purposes of collateral estoppel. *Id.*

Even assuming a doubt as to the conclusiveness of the bankruptcy court's findings in the Section 548 proceeding, the record demonstrates that there was no appeal pending when the same judge entered the order in the Section 727 proceeding. The uncontroverted evidence shows that Bucci's wife failed to perfect her appeal. Cohen Ex. 1A at 6. The appeal was eventually dismissed pursuant to a settlement agreement. Bucci motion for summary judgment App. 1. Bucci himself failed to appeal the court's order in the Section 548 proceeding and he did not present any evidence on the issue of his intent in the Section 727 proceeding. Cohen Ex. 1A. He cannot use this opportunity to claim the

absence of a final judgment order to bar the application of collateral estoppel.

Bucci's last argument is that application of collateral estoppel to his case is simply unfair. Considerations of fairness may make application of collateral estoppel principles inappropriate. *Frye,* 767 F.2d at 1221. When all factors required for collateral estoppel are present, the party opposing estoppel must demonstrate that application of estoppel will result in particularized unfairness. *Id.* The decision to bar collateral estoppel because of unfairness is within the court's discretion. *Garza,* 779 F.2d at 393 citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979); *Frye,* 767 F.2d at 1221.

Bucci fails to demonstrate particularized unfairness. Bucci's claim is based on the argument that he and his attorney only participated in a small part of the litigation, and had no reason to believe that his discharge was in jeopardy. His unsupported and conclusory assertion of unfairness lacks merit. Bucci had ample opportunity to present new evidence on the issue of his intent in the Section 727 proceeding. He failed to take advantage of the opportunity. Accordingly, the court will not disturb the bankruptcy court's decision for lack of fairness. *Id.*

### CONCLUSION

The decision of the bankruptcy court in *Cohen v. Bucci,* 97 B.R. 954 (Bankr.N.D. Ill.1989) is affirmed.