In re Joseph BUCCI, Debtor.

Joseph E. COHEN, trustee, Plaintiff,

v.

Joseph BUCCI, Defendant.

Bankruptcy No. 85 B 14214.
Adv. No. 86 A 1029.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 24, 1989.

Gary E. Dienstag, Springer, Casey, Dienstag & Silverman, P.C., Chicago, Ill., for trustee-plaintiff.

Joel A. Brodsky, Chicago, Ill., for debtor-defendant.

## MEMORANDUM AND ORDER

THOMAS JAMES, Bankruptcy Judge.

Joseph E. Cohen, trustee, plaintiff, has objected to the discharge of the Joseph Bucci, debtor, defendant, on the grounds that Bucci with intent to hinder, delay, or defraud his creditors or an officer of the estate had transferred and concealed property within one year before the date that he filed his petition in violation of Bankruptcy Code § 727(a)(2)(A); that Bucci failed to keep or preserve books, records and papers from which his financial condition or his business transactions might be ascertained in violation of Code § 727(a)(3); that Bucci knowingly and fraudulently in or in connection with his case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A); and that Bucci failed to explain satisfactorily any loss or deficiency of assets to meet his liabilities in violation of Code § 727(a)(5).

Bucci argues that Cohen has failed to pursue the objection that Bucci failed to explain satisfactorily any loss or deficiency of assets to meet his liabilities. Whether Cohen has pursued this objection is of little import for the court finds and concludes that Bucci had listed all real estate that he owned in Schedule B attached to the petition that he filed on October 22, 1985, and noted in that schedule he had conveyed certain interests to his former wife, Bruna, and his son, Bruno, pursuant to a judgment of dissolution of marriage. Furthermore, he made full disclosure of the disposition of his properties in the statement of financial affairs for debtor not engaged in business filed May 16, 1986, by attaching a copy of judgment for dissolution of the marriage of Bruna and Joseph Bucci entered on August 15, 1985, in the case pending between these parties in the Circuit Court of DuPage County for the 18th Judicial Circuit of Illinois, file no. 84 D 1299. Bucci has provided satisfactory explanation of the disposition of his assets. There is no evidence before the court that Bucci had any other assets for which an explanation is necessary. That objection is overruled.

The court will also overrule the objection under Code § 727(a)(3) that Bucci failed to keep books, records or papers from which his financial condition might be ascertained. Bucci did maintain such books and records, which were destroyed in a flood. The failure to keep these records has been justified.

The court will also overrule the objection under Code § 727(a)(4)(A). Bucci did not submit financial statements but loan appli-

cations. Moreover, Bucci testified that he told his lawyer that he had applied for the loans as shown by Cohen's exhibits 9b, 9c and 9d. Bucci's lawyer with the information given him prepared the bankruptcy petition and properly answered the question "none".

However, Bucci will be denied his discharge because Cohen has proved that Bucci did violate Code § 727(a)(2)(A).

On October 22, 1985, Bucci filed his chapter 7 petition. At the time of the filing, his schedules reflected that he had no non-exempt assets from which to satisfy any unsecured debts. On August 15, 1985, the judgment for dissolution of the marriage of Bruna and Bucci was entered in the case pending between these parties in the Circuit Court of DuPage County for the 18th Judicial Circuit of Illinois, file no. 84 D 1299, as has been previously noted. This judgment awarded Bruna as her distributive share of marital property and in lieu of maintenance, the marital residence at 233 North Baynard Road, Addison, Illinois; a certain motel business operated under the name of Country–Aire Motel at 312 East Lake Street, Addison, Illinois; a one-half interest in a certain apartment building at 7416 North Ashland Avenue, Chicago, Illinois; all household furniture and furnishings in the marital home; all personal articles and effects in Bruna's possession; and a 1979 Cadillac Coup de Ville. The domestic relations court awarded Bucci the townhouse located at 7762 West Higgins, Unit 19F, Chicago, Illinois; certain insurance proceeds on the property at 957–59 North 19th Street, Milwaukee, Wisconsin; a 1985 Chrysler automobile; and all personal items and effects then in Bucci's possession. That court also awarded to Bruno, the child of Bucci and Bruna, Bucci's one-half interest in the apartment building at 7416 North Ashland to secure and provide for Bruno's undergraduate and graduate college education expenses and a 1979 Ford Cobra Mustang for his transportation to and from college.

Cohen, filed a complaint (adversary no. 85 A 1433), against Bucci, Bruna Bucci, Bruno Bucci, Western National Bank of Cicero, as trustee, Cosmopolitan National Bank, as trustee, Dr. Rajko Tomovich, Marko Duric, and Joseph Dentine, defendants, to avoid the transfers under this dissolution judgment as preferential or fraudulent transfers that Bucci had made or attempted to make within 90 days of the filing of his bankruptcy petition. This court held a trial on this complaint and entered its judgment on August 20, 1986, setting aside the transfers.

 Under Code § 727(a)(2)(A) Bucci may be denied a discharge if Cohen can show that Bucci with the intent to hinder, delay, or defraud his creditors transferred or concealed his property within one year of the date of filing his petition for relief. This court has previously found in adversary no. 85 A 1433 that Bucci had suffered the entry of the dissolution of marriage judgment to defeat his creditors under Code § 548(a)(1). Code § 548(a)(1) provides that a trustee may avoid any transfer of a debtor's interest in property made with the *actual* intent to hinder, delay, or defraud any entity (emphasis added). Cohen argues that this August 20, 1986, judgment estops Bucci from litigating the issue of intent under Code § 727(a)(2)(A) for this court in avoiding the transfers under Code § 548(a)(1) had to determine that the transfers under the dissolution judgment were made with the actual intent to hinder, delay, or defraud Bucci's creditors. Bankruptcy courts may in determining issue questions apply collateral estoppel to bar relitigation of those issues necessarily decided in a prior suit. *See generally Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979); *Combs v. Richardson,* 838 F.2d 112, 114 (4th Cir.1988); and *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987).

Intent is always a factual issue to be determined in actions brought under Code § 548(a)(1) or Code § 727(a)(2)(A). *See Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983). Bucci argues that *Lovell* supports his contention that the judgment in 85 A 1433 may not be used under the doctrine of collateral estoppel. The court will answer this contention later.

Our circuit in *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), set forth four requirements for invocation of collateral estoppel. These are that the issue sought to be precluded must be the same as that involved in the prior action, that the issue must have been actually litigated, that the determination of the issue must have been essential to the final judgment, and that the party against whom estoppel is invoked must have been fully represented in the prior action.

The court now finds and concludes that the issue sought to be precluded in the present adversary proceeding that Bucci intended to hinder, delay, or defraud his creditors by transferring virtually all his property to his wife and son within a year of his filing of his chapter 7 petition is identical to the issue litigated in count II of adversary no. 85 A 1433 that Bucci transferred his property to his wife and son under a dissolution of marriage judgment with the intent to hinder, delay, or defraud his creditors under Code § 548(a)(1). Both Code §§ 548(a)(1) and 727(a)(2)(A) require a finding that a debtor actually intended to hinder, delay, or defraud his creditors as noted by the 8th Circuit in *Lovell.*

*Lovell* does not support Bucci's contention that he did not have a full opportunity to litigate because he had no incentive to litigate "the issue". A careful reading of *Lovell* shows that the court was commenting on the constructive fraud issue under Code § 548(a)(2) and not actual fraud, the issue under Code § 548(a)(1). It may be that Bucci now contends that he had no incentive to contest Cohen's objection to Bucci's discharge because of actual fraud. This would be a specious argument for Bucci did have an incentive to have the dissolution judgment upheld. For if it were not, more litigation would ensue in the domestic relations court.

■ Bucci also asserts that there is a different standard of proof under Code § 548(a)(1) from that under Code § 727(a)(2)(A), to determine whether a debtor acted with fraudulent intent, which precludes a determination that the issue under each is identical. Bucci is incorrect in this assertion. A plaintiff must prove actual intent under Code §§ 548(a)(1) and 727(a)(2)(A). Congress provided that a transfer could be avoided under Code § 548(a)(1) if the transfer were made with *actual intent* to hinder, delay, or defraud (emphasis added). "Actual intent" is a term of art developed in the application of § 14(c)(4) of the Bankruptcy Act of 1898, the predecessor of Code § 727(a)(2)(A), to determine the "intent to hinder, delay, or defraud" set forth in Act § 14(c)(4). The same standard of "convincing" evidence must be found under Code § 727(a)(2)(A) for "intent" as under Code § 548(a)(1) for "actual intent". *See* discussions in *In re Parameswaran,* 50 B.R. 780, 784 (Bkrtcy. D.C.1985); and *In re Rubin,* 12 B.R. 436, 441 (Bkrtcy.S.D.N.Y.1981). The court is satisfied that the issue of whether Bucci with intent to hinder, delay, or defraud creditors transferred his property within one year before the date of the filing of his petition under Code § 727(a)(2)(A) is the same as that involved in the prior action involving Code § 548(a)(1), adversary no. 85 A 1433.

The second test is whether the issue sought to be precluded has actually been litigated. As noted, this court in the prior action concluded that Cohen might avoid Bucci's transfers to Bruna and Bruno under Code § 548(a)(1). In reaching this conclusion the court found a number of badges of fraud from extrinsic evidence presented at trial and contained in the trial memoranda of the parties. *See In re Kaiser,* 722 F.2d 1574, 1582 (2d Cir.1983). These badges of fraud consisted of Bucci's failure to disclose during the dissolution of marriage hearing before the Circuit Court of Dupage County that he was a party defendant in several lawsuits, a lack and inadequacy of consideration for the transfers in question, a family relationship among the parties to the transfer, the debtor's retention of possession, benefit and use of the transferred property, and the general chronology of events. The court received and considered Bucci's evidence and read and considered his opposition memoranda before making these findings.

Furthermore, as noted on page 8 of its slip opinion of August 20, 1986, in 85 A 1433, this court stated that intent of the parties must be determined under Code § 548(a)(1) and on page 23 the court concluded that Cohen might avoid Bucci's transfers to Bruna and Bruno under Code § 548(a)(1). The issue in question was actually litigated.

The third element is whether the determination of the issue sought to be precluded was essential to the final judgment. Bucci contends that the determination of this issue was not necessary to this court's final judgment in the previous action. For the reasons already discussed, a finding of actual fraudulent intent was necessary to the court's conclusion that Cohen might avoid the transfers to Bruna and Bruno under Code § 548(a)(1) and to support the judgment entered in Cohen's favor against Bucci and others to set aside the various transfers.

Bucci also asserts that there is no final judgment in the prior adversary because Bruna and Bruno filed a notice of appeal. Although Bruna and Bruno Bucci did file a notice of appeal on August 29, 1986, the appeal was never perfected. The judgment rendered on August 20, 1986 is final. The third element has been met.

The last requirement of full representation is most important for it involves a debtor's right not to be penalized in subsequent litigation for decisions made in a previous trial to generate a trial record that would serve to convince a reviewing court that justice did not prevail in the trial court. Full representation ensures that there is a corroborated description of events in the formal record of the trial. Bucci was fully represented by counsel in the prior litigation. He filed an answer to the complaint; he was deposed; and he presented both documentary evidence and testimony at the previous trial.

Bucci also contends that he did not actively defend the earlier suit because he was in a "no win situation...." As has been noted Bucci did actively defend the earlier suit. Even so, Bucci asks us to assume that his active defense is to be discounted for had he won the case the property would have remained with his ex-wife and son, and had he lost, the property would be distributed to his creditors. Therefore, we should disregard the record in the previous adversary proceeding because he had little incentive to defend the action since under no circumstances would the property be given to him.

Yet, Bucci's incentive to defend himself in the previous action is clear; he chose to satisfy his marital and parental obligations under the dissolution of marriage judgment by transferring, in effect, all his income producing property to his former spouse and son to the detriment of all his creditors. The evidence in the previous adversary showed that Bucci continued to manage certain properties and to derive some income from them. A successful defense to the fraudulent conveyance action meant that ex-wife and son would keep the properties conveyed. The sale of these properties in his bankruptcy case after avoiding the transfer would sever his relationship to the properties and cut off the income that he was receiving. Avoidance of further problems in the domestic relations court and continued management and use of income are sufficient incentive to litigate in the previous action. Therefore, the court finds that Bucci was fully represented in the prior action.

Since all the requirements for application of collateral estoppel have been met, the court finds and concludes that Bucci acted with actual intent to defraud his creditors when he transferred his interest in property to his ex-wife and son under the dissolution of marriage judgment. The elements of Code § 727(a)(2)(A) have been met and Bucci is to be denied his discharge.

It is therefore ordered that judgment is entered in favor of Joseph E. Cohen, trustee, plaintiff, and against Joseph Bucci, debtor, defendant. Cohen's objection to Bucci's discharge under Code § 727(a)(2)(A) is sustained. Joseph Bucci is denied his discharge.